## PERRY v. ATCHISON, T. & S. F. RY. CO.
### No. 28094–G.

United States District Court
N. D. California, S. D.
Oct. 20, 1948.

Herbert O. Hepperle, of San Francisco, Cal., for plaintiff.

Robert W. Walker, H. K. Lockwood, and J. H. Cummins, all of Los Angeles, Cal., and Peart, Baraty & Hassard, of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

This is a motion by defendant for change of the venue of this cause from this district to the Southern District of California, Central Division, "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404(a).

The action is one under the Federal Employers' Liability Act, commenced in this district pursuant to the authority of 45 U.S.C.A. § 56. The venue is properly here under § 56.

The motion is supported by an affidavit of defendant's General Claim Agent (an alleged necessary witness), a resident of Los Angeles, in the Division and District to which removal is sought. It alleges that plaintiff resides in Needles, California; that two members of the crew of the train in which the plaintiff's injuries were alleged to have been received reside respectively at Barstow and Needles; that the accident occurred in San Bernardino County, at a place about midway between Barstow and Bakersfield, California.

Opposing affidavit of Herbert O. Hepperle, one of plaintiff's attorneys, alleges that two physicians, residing in San Francisco, this district, have examined plaintiff and are necessary witnesses.

The cause was commenced June 1, 1948. Answer was filed August 19, 1948. On August 20, 1948, notice was given by the Clerk of the court that the cause would, on September 13, 1948, be set for trial. On September 13, 1948, the cause was set for trial for December 2, 1948. The motion for change of venue was filed on October 8, 1948.

28 U.S.C.A. § 1404(a) was approved June 25, 1948, and became effective September 1, 1948.

Court for the Central Division Southern District of California is held at Los Angeles, California. The only witness residing there is the General Claim Agent. Needles is 290 miles from Los Angeles; Barstow is 141 miles from Los Angeles; Bakersfield is 112 miles from Los Angeles. Bakersfield is 291 miles from San Francisco; Needles is 583 miles from San Francisco; and Barstow is 430 miles from San Francisco.

If the cause is transferred to the Southern District the witnesses from San Francisco will have to travel over 400 miles to Los Angeles. The Bakersfield witness will have to travel 112 miles, the Needles witnesses, including plaintiff, will travel 291 miles, the Barstow witness 141 miles.

If just the bare convenience of witnesses and parties were to be served, the greater number are nearer Los Angeles than San Francisco. That might be a sufficient reason to move the cause, provided the nature and importance of the testimony to be given were fully disclosed, which has not been done. Furthermore the cause was at issue and noticed to be set for trial before the effective date of 28 U.S.C.A. § 1404(a). No opposition was heard on September 13, 1948 when the cause was set for December 2, 1948, for trial.

The motion, addressed as it must be to the discretion of the Court, in my opinion, consequently falls short of the persuasiveness which it needs. On that ground, the motion is denied.

I do not find it necessary therefore to decide the question posed by plaintiff that a motion does not lie under 28 U.S.C.A. § 1404(a) to change the venue of an action under the Federal Employers' Liability Act, although I am much persuaded that such a motion does lie. See Hayes et al. v. Chicago, Rock Island & Pacific R. Co., D.C.D.Minn., 79 F.Supp. 821.