## WOOKEY v. WATERMAN S. S. CORPORATION.

United States District Court
S. D. New York.
April 12, 1950.

its employees in Mobile have handled this matter throughout; that the Coast Guard investigation of the death was conducted there; that the Master and Chief Mate of the vessel reside in Mobile and that they are indispensable witnesses; that two crew members who testified before the Coast Guard reside in Mobile. While these statements are not denied, plaintiff does controvert the defendant's further assertion that all the witnesses reside in Alabama. The affidavit of plaintiff's attorney gives the names and addresses of two witnesses—members of the crew—who live in New York City, and says there are other witnesses in Ohio and California.

Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, and Kilpatrick v. Texas & Pacific R. Co., 337 U.S. 75, 69 S.Ct. 953, hold that section 1404(a) is applicable to actions under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, which is incorporated by reference into the Jones Act, 46 U.S.C.A. § 688. The question here then is whether this is a proper case for the application of the doctrine of *forum non conveniens*.

The court to which a plaintiff resorts is allowed wide discretion by that doctrine to protect its jurisdiction from imposition, even where jurisdiction is clearly authorized, and in determining how the discretion is to be exercised the court should consider the relative advantages and obstacles to fair trial. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 508, 67 S.Ct. 839, 91 L.Ed. 1055. And, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id., 330 U.S. at page 508, 67 S.Ct. at page 843. I can certainly find no imposition on this court's jurisdiction here, nor such strong balance in favor of the defendant as to warrant the exercise of discretion as prayed for. The plaintiff very properly desires her case to be tried at a place convenient for her witnesses. Whatever inconvenience, if any, may result to the defendant thereby is not sufficient in my opinion to require the transfer requested.

The motion is accordingly denied. Submit order.

---

Robert Feingold, Brooklyn, N. Y., for plaintiff.

Gay & Behrens, New York City, for defendant.

McGOHEY, District Judge.

This is a wrongful death action under the Jones Act. Defendant moves under 28 U.S.C.A. § 1404(a) for a change of venue to the Southern District of Alabama, Southern Division.

Plaintiff was appointed administratrix in Alabama, and defendant's allegation that she resides there is not denied. Defendant asserts it is an Alabama corporation; that