**GOODMAN v. SOUTHERN RY. CO.**
United States District Court
S. D. New York.

Sept. 13, 1951.

Ouchterloney & Liebowitz, New York City, for plaintiff, Samuel Markewich and Sidney I. Liebowitz, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant, J. Roger Carroll, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant moves for an order transferring this action to the District Court for the Western District of South Carolina, Rock Hill Division, Rock Hill, South Carolina, pursuant to Section 1404(a) of Title 28 United States Code, which provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This action is brought by the plaintiff as Administratrix of the Estate of Meyer Goodman, for damages for the death of her husband, Meyer Goodman, based upon the alleged negligence of the defendant. Mr. Goodman died as a result of injuries received on September 24, 1950, when the motor vehicle which he was driving collided with a train operated by the defendant at a point where the defendant's tracks cross Route No. 5, near Newport, South Carolina. This suit was originally started in the Supreme Court of the State of New York, County of New York, and was transferred to this court upon the application of defendant.

It is the defendant's contention upon this motion that for the convenience of parties and witnesses and in the interest of justice, this action should be transferred to the district requested.

This Court has frequently stated that the criteria which it must consider and appraise in determining a motion pursuant to Section 1404(a) were derived principally from the forum non conveniens cases, particularly Gulf Oil Corp v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. The exact circumstances which will in every

case justify either a granting or a denial cannot be catalogued with certainty. There are always imponderable elements. The final determination must be left to the Court's discretion. It has, however, definitely been settled in this district, that the balance of convenience must be strongly in favor of the defendant before the plaintiff's choice of forum will be disturbed. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. See also Dolly Toy Co. v. Bancroft-Rellim Corp., 97 F.Supp. 531, decided by this Court in May, 1951; Perry v. Atchison, T. & S. F. Ry. Co., D.C.N.D.Cal., 82 F. Supp. 912; Skultety v. The Pennsylvania Railroad Co., D.C.S.D.N.Y., 91 F.Supp. 118. Judge Learned Hand, concurring in Ford Motor Co. v. Ryan, emphasized additionally the privilege granted the plaintiff in selecting a forum, and his decision to confirm the lower court's denial of the motion to transfer rested solely upon the weight he attached to this privilege.

The defendant, Southern Railway Company, mindful of the state of law, has attempted to establish that this case meets the requirements for transfer and has stated in an affidavit submitted upon this application that there are 20 witnesses "which will be used by the defendant upon a trial of this case." The names of the witnesses are listed and a capsule description of the part they might play in the case follows their names.

In opposition, plaintiff alleges that there were at the maximum four eye-witnesses to this accident. She asserts that it is inconceivable that the defendant would call more than five of the people listed as witnesses unless the defendant desired repetitious testimony. Plaintiff further states that the cost of transportation of witnesses can be better borne by the defendant than by the plaintiff. She contends that her relatives did whatever small investigating was to be done, taking measurements and photographs. All of these brothers and sisters, who will testify either as to damages or liability, live in the general New York area. Two eye-witnesses, Mr. and Mrs. Meyer Levy, who were passengers in the Goodman car, reside in North Carolina and are not subject either to process of the South Carolina or the New York courts.

Despite the fact that she and her husband lived and were domiciled in Rock Hill, South Carolina, plaintiff asserts that she has maintained a residence in New York City on West 79th Street. She contends that there are two phases of proof necessary in connection with her case. The first pertains to negligence and the second to damages. In the first phase, she intends to produce Mr. and Mrs. Meyer Levy, who were in her husband's car, and Mr. Max Goodman, residing at East 15th Street, New York City, who will testify as to the conditions of the crossing and who might be used to impeach the credibility of the defendant's witnesses. As to damages, those persons familiar with her husband's income and finances—an element of probable importance at the trial—reside in New York City or its suburbs.

Ten names are listed as prospective witnesses for the plaintiff. It, therefore, becomes readily apparent that this application resolves itself into a battle of numbers.

In an article, written by this Court, Observations On Transfers Under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595, it is stated at page 607: "There is present some tendency to weigh the number of witnesses in deciding 1404(a) motions which results in the parties seeking to outdo each other in the sum total of possible witnesses they can locate in the district in which each would respectively like to try the case. The district judges must be able to see through the voluminous affidavits presented and determine, as best possible, who are the key witnesses and what witnesses need be called, rather than merely count up the possible witnesses for each side."

Witnesses Thornburg, McCullough, Hope, D. Hawkins and J. H. Hawkins are listed merely as defendant's witnesses, living between 300 to 700 yards from the scene of the accident. There is nothing in the affidavit to state that these people witnessed the accident or where they were at the time of the accident.

Witnesses Pleasant, Neal, Scott, Collins, Sutton, A. Shannon and M. Shannon are listed as having been at the scene when the accident occurred or in the general vicinity of the accident. There is no allegation that they were eye-witnesses to the accident nor is there any explanation of what could be ascertained from a witness who was near the scene of the accident.

Witnesses Greer and Raburn are employees of the defendant railroad who took measurements after the accident or are familiar with conditions at the scene of the accident.

Witnesses Penninger, Pittman and Bartles, also employees of the defendant, were on the train when it collided with Mr. Goodman's car. Penninger was a conductor on the train, Pittman the engineer and Bartles a fireman. There is no statement as to what these witnesses will testify and it is conceivable only the engineer would have been in a position to witness the accident.

■■ It is established law that the party seeking to transfer cannot obtain it by a bare balance of convenience in its favor, but must show a preponderant balance in its favor. Sufficient information is not disclosed in defendant's affidavit from which this Court can conclude that the 20 witnesses listed are key witnesses who need to be called. There is no statement that the testimony of each of these witnesses is essential or necessary or that all are actually needed. Indeed, it is likely with respect to some of these witnesses that their testimony can effectively be taken by deposition. Too much is left to speculation and conjecture.

■ Upon the papers submitted on this application, with the uncertainty and indefiniteness that surround the nature of defendant's witnesses, the defendant has not sustained its burden of making out a strong case for transfer. Ford Motor Co. v. Ryan, supra. The defendant may renew its application in the regular Motion Part of this Court if, by proper affidavits, the facts which were lacking upon this application can be supplied to sustain its burden.

Defendant's motion to transfer is denied.