### ORTIZ v. UNION OIL CO. OF CALIFORNIA.

United States District Court
S. D. New York.
Jan. 16, 1952.

George J. Engelman, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant.

WEINFELD, District Judge.

This suit was commenced under the Jones Act, 46 U.S.C.A. § 688, to recover damages for illness sustained or aggravated while plaintiff was serving as a seaman on the defendant's Steamship Lompac from February 12th to September 1st, 1950. Defendant, prior to answering, moves to transfer the action to the United States District Court for the Northern District of California, Southern Division, for the convenience of parties and witnesses and in the interests of justice, pursuant to Title 28 U.S.C. § 1404(a).

Ordinarily, the plaintiff's choice of a forum will not be disturbed. The burden is upon the defendant to establish a strong case for transfer, and unless the balance of convenience is strongly in its favor, relief will be denied. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. The Court believes that the defendant has sustained its burden.

The plaintiff, prior to, and during the period of, the voyage, resided and still resides in San Francisco, California. He both joined the vessel upon which he claims he sustained his injury and was discharged in the Port of San Francisco. During the course of plaintiff's employment, the vessel made only one call to New York—on April 1950, but since that date neither it nor any other ship owned or operated by defendant has called at New York.

The defendant is a California corporation with its principal office in San Francisco, where its shipping records are maintained. These include log books, accident and claim reports and other documents pertaining to its vessels, which sail primarily from West Coast ports.

The crew list (which presumably would embrace the potential witnesses for both parties) discloses that out of 43 officers and men on board the vessel, 36 were from California, 4 from Washington, Oregon and Hawaii, 2 from foreign countries and 1 from Minnesota. Not a single crew member or officer resided or now resides in New York. Thus, it appears that in this case there is not a single witness to be called by plaintiff, including plaintiff, who ever resided or now resides within this district. The only factor which apparently impelled the commencement of suit in this

494

district is that plaintiff's attorney maintains his office here.

█ While recognition is given to a plaintiff's choice of forum—his venue privilege—this must be weighed not only against the convenience of the respective parties, the availability of witnesses and opportunity for full and fair preparation for trial, but also to be considered is the public interest and the efficient and prompt administration of justice. "Factors of public interest also have place in applying the doctrine [forum non conveniens]. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. at page 843, 91 L.Ed. 1055.

█ We need not expand upon the evils of congested calendars with consequent delays in trials and the serious hardship imposed upon litigants. In this district the situation is particularly disturbing. While the median time required in the various districts throughout the country from filing to disposition of normal civil cases in which a trial was held was 12.2 months, in this district it was 35.4 months, the maximum in the country. The median interval from issue to trial was 7.3 months; in this district it was 28.5 months, again the maximum. This situation is accounted for in some measure by the fact that over 1/5 of the number of pending cases in all the 86 districts of the country at the end of 1951 were pending here.[1]

In sharp contrast, in the district of which plaintiff is a resident and to which it is sought to transfer this action, the median interval from filing to disposition is 11 months [2] and from issue to trial 5.7 months.[3] There he can obtain a speedy and prompt trial.

The plaintiff's own interest as well as the prompt and efficient administration of jus-

tice require the transfer of this case. No circumstance has been suggested to justify its retention in this district.[4]

The motion is granted.

Settle order on notice.

---

1. Annual Report, 1951, Director of the Administrative Office of the United States Courts, p. 3.

2. See footnote No. 1, Table C 5.

3. See footnote No. 1, Table C 6.

4. Wookey v. Waterman Steamship Corp., D.C., 89 F.Supp. 909, relied upon by the plaintiff, is readily distinguishable. There, two witnesses to be called by the plaintiff were residents of the district.