### JENKINS et al. v. WILSON FREIGHT FORWARDING CO., Inc. et al.

United States District Court
S. D. New York.

April 29, 1952.

States Court of Appeals, Second Circuit, in Ferguson v. Ford Motor Company, D.C. S.D.N.Y.1950, 89 F.Supp. 45; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, certiorari denied 1950, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. Generally, the criteria to be considered are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; and other practical considerations that make trial of a case easy, expeditious and inexpensive. Dolly Toy Co. v. Bancroft-Rellim Corp., D.C. S.D.N.Y.1951, 97 F.Supp. 531.

In order to sustain their position, the defendants offer the affidavit of their attorney, Daniel Oppenheim, a member of the bar of the State of New Jersey. He asserts that this case should be transferred because:

(1) a request will be made at the trial to permit the jury to visit the scene of the accident;

(2) the case requires interpretation of New Jersey law since the accident occurred at Route 17, in Ramsey, New Jersey;

(3) the individual defendant is a resident of New Jersey and the corporate defendant is incorporated in Ohio but licensed to do business in New Jersey;

(4) two New Jersey State troopers will be called to testify;

(5) there are seven other witnesses who are residents of New Jersey who witnessed the accident or whose testimony will be material at the trial. Four of the witnesses are residents of New Jersey who come from the towns of Mahwah, Ramsey, New Milford and Cresskill. In addition, the coroner of Bergen County, New Jersey, a toxicologist from Newark, New Jersey, and a person from Erie, Pennsylvania, are listed as witnesses;

(6) it will take longer to be reached for trial in the Southern District of New York than it will in the District Court of New Jersey.

Plaintiffs submit an affidavit of David H. Moses, their attorney, who answers the defendants' assertions by alleging that:

(1) one of the plaintiffs is a resident of Hillburn, Rockland County, New York;

Lexow & Jenkins, Suffern, N. Y., for plaintiffs.

Norman N. Popper, Newark, N. J., (Alfred Sobol, New York City, of counsel), for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants seek to transfer this action to the United States District Court, for the District of New Jersey, sitting at Newark, New Jersey, for the convenience of parties and witnesses and in the interests of justice under the provisions of Title 28, U.S.C. § 1404(a).

I shall first deal with the criteria used to determine whether transfer is in order. The required elements for transfer are those enumerated by the Supreme Court in Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 and by the District Court and the United

·the other is a resident of Suffern, Rockland County, and witnesses are scattered throughout Rockland County;

(2) the accident occurred on State Highway Route 17, in Bergen County, New Jersey, about three-quarters of a mile south of the New York State line. This area is adjacent to Suffern, New York;

(3) most of the witnesses for the plaintiffs and defendants will be found in this area;

(4) it will be more convenient for the witnesses to travel to the Courthouse at Foley Square in New York City than to the Courthouse at Newark, New Jersey; most of the rail, bus lines and highways emanate from New York City and it is more convenient to travel from northern New Jersey and Rockland County to the Courthouse at Foley Square, New York City, than to the Courthouse in Newark, New Jersey;

(5) the actual over-the-road mileage to the Courthouse in New York City is less than·to Newark;

(6) a transfer would impose additional hardship upon the plaintiffs by requiring them to employ New Jersey counsel at added expense;

(7) the corporate defendant does business in New York City and the individual defendant is actually a resident of Ohio who has a mere temporary address in New Jersey;

(8) if it is necessary to bring the jury to the scene of the accident, it can be done more conveniently from the Courthouse at Foley Square than from Newark;

(9) all· of the witnesses are within the permissible subpoena range; and

(10) generally, the convenience of the witnesses will be better served by permitting the case to remain in the Southern District of New York.

■ The facts presented in the affidavits lead me to the conclusion that the defendants have fallen far short of carrying the required burden to sustain transfer. It is the established law that the balance of convenience "must be strongly in favor of the defendants" before transfer will be ordered. Gulf Oil Corporation v. Gilbert,

supra; Dolly Toy Co. v. Bancroft-Rellim Corp., supra. Thus the party seeking transfer cannot obtain it by a bare balance of convenience in its favor; Perry v. Atchison, T. & S. F. Ry. Co., D.C.N.D.Cal.S.D. 1948, 82 F.Supp. 912; or on mere speculation as to the conveniences; Skultety v. Pennsylvania R. Co., D.C.S.D.N.Y.1950, 91 F.Supp. 118. The Court of Appeals for this Circuit has spoken on the subject. It has established the "strong balance of convenience" doctrine as to 1404(a), mainly because of a plaintiff's venue privilege. Ford Motor Co. v. Ryan, supra. The venue privilege of a plaintiff is a substantial factor in plaintiff's favor. See Nagle v. Pennsylvania R. Co., D.C.N.D.Ohio, E.D.1950, 89 F.Supp. 822; Cullinan v. New York Central R. Co., D.C.S.D.N.Y.1948, 83 F. Supp. 870.

■ I am persuaded that it will be at least as convenient for defendants' witnesses to travel to the District ·Court in the Southern District of New York as it would be for them to journey to the District Court in Newark. While defendants list seven witnesses, who saw the accident or whose testimony will be material at the trial, there is absent the clear allegation that each one of them will actually be called to testify at the trial. These applications cannot be determined solely upon the outcome of a contest between the parties as to which one can present a longer list of "possible" witnesses located in the respective districts in which each party would like to try the case. The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this rather than on· numbers. Observations on Transfers under Section 1404(a) of the new Judicial Code, 1950, 10 F.R.D. 595, 607. ·

Upon the facts before me, I am dubious of the necessity of a visit by the jury to the scene of the accident. If one is necessary, and this is highly unlikely, the visit can be made with equal convenience from this district.

■ The District Court in Newark, New Jersey, is but several minutes distant from

the District Court in the Southern District of New York. Obiter dictum, I feel that section 1404(a) was no more intended for the instant proposed transfer than for a transfer from the Southern District of New York to the Eastern District of New York or vice versa. It was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses.

There is no charge in this case that the plaintiffs have sought to vex, harass or oppress the defendants, nor have the plaintiffs shopped for a forum. The defendants have fallen far short of sustaining the burden which would entitle them to a change in venue.

The motion is denied. Settle order.