## DUFFY v. UNITED STATES.
### No. 86–106.

United States District Court
S. D. New York.
Sept. 22, 1953.

882

strong balance of convenience in its favor, Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and that the venue privilege of a plaintiff is a very substantial factor to be weighed in the balance, Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. Plaintiff is suing for personal injuries alleged to have been sustained when a vehicle in which she was a passenger collided with an ambulance operated by the United States Navy in Coronado, California. There were a number of witnesses to the accident (the Government's affidavit listing approximately fifteen) other than the plaintiff, and all of them reside in California. Coronado police authorities obtained information and admissions in connection with the accident. Plaintiff was taken to the Coronado Hospital for treatment. Maintenance personnel of the Naval Air Station at San Diego have information about the operating condition of the ambulance at the time of the accident and investigation in Coronado is necessary about the operation of the other vehicle. California law will be applicable and reference may be needed to local police regulations. Indeed, everything about the case except the plaintiff's residence bears a strong relationship to its scene.

▆▆ Access to sources of proof should be quite significantly easier in California than in New York. Lacking compulsory process for attendance of unwilling witnesses, the Government may be seriously prejudiced by a trial in New York. Plaintiff argues that because the Government has not indicated which witnesses it will actually call and what their testimony will be, the factor of the location of witnesses cannot be resolved in the Government's favor. See Jenkins v. Wilson Freight Forwarding Co., D.C., 104 F.Supp. 422; Goodman v. Southern Ry. Co., D.C., 99 F. Supp. 852. But this is not a case involving a "contest between the parties as to which one can present a longer list of 'possible' witnesses located in the respective districts in which each party would like to try the case." Jenkins v. Wilson Freight, supra, 104 F.Supp. at page 424. Since all of the

———◆———

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for plaintiff.

J. Edward Lumbard, New York City, for defendant.

EDELSTEIN, District Judge.

The United States, as defendant in an action brought under the Federal Tort Claims Act, moves for a transfer of venue, under § 1404(a) of Title 28, to the United States District Court for the Southern District of California.

▆ It is well settled that a defendant seeking a transfer must establish a

witnesses except the plaintiff reside in California, the Government must use California witnesses if it is to present a defense. Further, the court is constrained to accept the Government's affidavit listing the probable witnesses and their connections with the case. Cf., United States v. Scott & Williams, Inc., D.C., 88 F.Supp. 531, 534.

It is not contended that a grant of the transfer would effectively deny an impecunious plaintiff a day in court. It is quite possible, in fact, that a trial in New York would be more expensive to the plaintiff than would a trial in California, as it would certainly be for the Government. Basically, the plaintiff is insisting upon the conclusive effect of her venue privilege. But I am persuaded that in the interest of justice, this case should be tried in California. Accordingly, the motion will be granted.