**Ex parte ALFORD.**
**Civ. A. 8105.**

United States District Court,
S. D. Texas, Houston Division.
April 29, 1954.

William H. Scott, Jr., Houston, Tex., for petitioner.

Malcolm R. Wilkey, U. S. Atty., C. Anthony Friloux, Jr., Asst. U. S. Atty., Houston, Tex., for respondent.

KENNERLY, Chief Judge.

This is a hearing on the Petition of Lynch Alford, Jr., a member of the Armed Forces of the United States of America, for the Writ of Habeas Corpus. He claims to have been illegally inducted into the Service on December 21, 1953, by a Local Board of the Selective Service System of the United States.[1] He prays to be discharged.

(a) Petitioner's claim is that his Classification of 1–A under which he was inducted into the Armed Forces was illegally made. But if legally made, that he was not given notice thereof, and was thereby deprived of the right to seek other classification or to appeal.[2] This, respondent denies.

1. This soldier was a member of the Armed Forces of the United States from *December 12, 1945*, to *December 8, 1946*, three days short of one year, which would have exempted him from the present service.

2. Petitioner's allegations are as follows:
"Petitioner would further show that inasmuch as his original classification of 1–A was not proper, lawful and in accordance with the terms of law, he was thereby deprived of his right of appeal from the administrative decision of the Local Selective Service Board No. 157, and that said classification being null, void and of no consequence and effect, the subsequent actions of the Local Board No. 157 in inducting this petitioner against his will and over his protests was likewise null, void and of no consequence and effect.

"Petitioner would further show that by his compliance with the directions of the employees and duly authorized agents, servants and representatives of the Selective Service System Local Board No. 157, in joining the National Guard, he was thereby entitled, in the event his original classification of 1–A was lawful and proper, to be re-classified to the deferred classification of 1–D, in which event he would of had to have been noti-

(b) Petitioner also claims that at the time he was inducted on December 21, 1953, he had on October 27, 1953, become 26 years of age, and that such induction was, therefore, in violation of Sections 454 to 456, Title 50 U.S.C.A. Appendix.[3] To this, respondent answers that petitioner's claim is without merit, because on or about June 19, 1951, he received a 2–A Classification as a Merchant Seaman, and his eligibility for induction was thereby extended until he reached the age of 35 years.[4]

(c) I heard petitioner testify at length and have examined carefully all the documentary evidence, including the proceedings of the Local Board which inducted him or caused him to be inducted into the Service. I find that the whole matter is clearly and correctly summed up and stated in a letter in the Board's files from the National Headquarters Selective Service System to the Commanding General at Fort Bliss, Texas, dated February 9, 1954, as follows:

"A review of this soldier's selective service file at this Headquarters discloses that he registered on September 9, 1948, and gave prior service in the Army from December 12, 1945 to December 11, 1946. He executed his Classification Questionnaire on or about March 15, 1949, and stated that he was born on October 27, 1927. He further stated that he was married and living with his wife and one child. He claimed prior service in the Air Corps from November 27, 1945 to November 27, 1946. Based on the information furnished the local board he was classified into Class IV–A on March 29, 1949, as a registrant who has completed service. On or about April 22, 1952, the local board was advised by The Adjutant General that this registrant's prior service in the Army was from December 12, 1945 to December 8, 1946. This period of service did not qualify him for consideration for classification in Class IV–A. He also had become divorced from his wife and was not maintaining a bona fide family relationship with his child. On June 26, 1952, he was reclassified into Class II–A because of occupation in the merchant marine. He left the merchant marine on Au-

fied of his reclassification of 1–A, which would have afforded him a right of appeal from the administrative appeal of the Selective Service System Local Board No. 157, and that the failure of the Local Board to so classify him 1–D was willful and deliberate and was calculated to deprive him of the rights guaranteed to him under the Uniform Training and Service Act set up by Congress and to further deprive him of due process as guaranteed to him by the Constitution of the United States."

3. His allegations are as follows:

"Petitioner would further show that by reason of the fact that he was inducted for training and service in the Armed Forces after he had attained the twenty-sixth anniversary of the day of his birth, which day was October 27, 1953, and was before his order to report for induction; that said induction was in violation of the provisions of law which Congress has set up for selection of personnel for training and service and was particularly in violation of the provisions of Section 454(a) of Title 50, App., U.S.C.A."

4. Respondent's allegations are as follows:

"Petitioner's allegation that he was inducted after he had reached his 26th birthday, and that therefore he was, under the terms of Section 454(a) of Title 50, U.S.C.A. [Appendix], ineligible for induction, is based on an erroneous belief. Respondent says petitioner, by his own request, received a deferred classification as a merchant seaman, after June 19, 1951, and before he reached age 26, and that by receiving such 2–A Classification, the petitioner's eligibility to military service was extended till he reached age 35, by Section 6(h) of the Universal Military Training and Service Act, as amended, June 19, 1951 [50 U.S.C.A. Appendix, § 456(h)].

"Respondent says further, that by reason of the fact that petitioner was declared a delinquent prior to his 26th birthday, and since his deferred classification extended his draft eligibility to age 35, that petitioner was lawfully classified 1–A and validly inducted into the United States Army."

gust 1, 1952, and was reclassified into Class I–A on August 28, 1952. He became a member of the National Guard on December 1, 1952, and was reclassified into Class I–D on January 22, 1953. He was discharged from the National Guard on April 1, 1953, and was reclassified into Class I–A on April 16, 1953. He was processed for induction and on June 11, 1953, was mailed an Order to Report for Induction on July 24, 1953. This order was returned to the local board by the Post Office Department marked, 'Moved. Address unknown'. The case was referred to the United States Attorney as delinquent on July 27, 1953. Subsequently he was located and inducted December 21, 1953.

"Due to the fact that this registrant was in a deferred classification for a period of time subsequent to June 19, 1951, and prior to October 27, 1953, the date he attained the age of 26 years, his liability for induction was extended to age 35."

◼ (d) I find that petitioner had and received notice and had knowledge of his 1–A Classifications. In fact, I find he received all notice he was entitled to

1: The evidence shows that petitioner receive of all proceedings of the Board. had a full and fair hearing before his Board. I find no errors nor irregularities in the Board's proceedings. The petitioner's complaint respecting such proceedings are not meritorious.

◼ 2: While petitioner in fact became 26 years of age before he was actually inducted into the Service, this does not avail him, because, as stated in the above quotation from such letter, he had on June 19, 1951, and long prior to the day he became 26 years of age, received a deferred classification. This had the effect of permitting him to be inducted into the Service at any time before he became 35 years of age. I agree with the construction given Section 454 et seq., Title 50 U.S.C.A.Appendix, by

the Selective Service System. See also United States ex rel. Stark v. Howlett, D.C., 114 F.Supp. 881.

From what has been said, it follows that petitioner's Petition for the Writ of Habeas Corpus should be and will be denied.

Let appropriate Order be drawn and presented.