**Edward T. HYDE, Plaintiff,**

v.

**GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 2850.**

United States District Court
D. Minnesota,
Third Division.

Dec. 19, 1957.

J. R. Walker and D. E. Engle, St. Paul, Minn., for defendant.

Eugene A. Rerat, Minneapolis, for plaintiff.

BELL, District Judge.

 This suit was commenced in this Court on February 2, 1956 by the plaintiff against the defendant to recover damages for personal injuries sustained by him on November 6, 1955, while he was employed by the defendant as a switchman in its yards at Seattle, Wash-

ington. He was engaged in the performance of his duties as a member of the switching crew in making certain switching movements in the yards. Two freight cars were being moved, one of which failed to move as far as intended and was cornered by another car which caused a sudden and violent lurch of the car on which the plaintiff was engaged causing him to fall to and upon the ground as a result of which he sustained injuries to his spinal cord which was ⅘ severed at the eighth thoracic level in consequence of which he is a paraplegic.

A motion was presented to this Court under 28 U.S.C.A. Section 1404(a) for a transfer of the case to the United States District Court of the Western District of Washington at Seattle. The Court heard oral arguments twice; briefs were filed on behalf of both parties. This Court gave the controversy careful consideration and concluded that a trial of the action at St. Paul, Minnesota, a distance of 1783 miles from the place of the accident would be inconvenient for witnesses and in the · interest of justice and a fair trial concluded that the case should be transferred to a District Court on the Pacific Coast.

The plaintiff was transferred to the Veterans Hospital at Long Beach, California, where he has had long and continuous treatment. This Court concluded that the suit should be transferred to the Northern District of California at San Francisco (where the suit properly might have been brought). Courts and officers there are available and the case may be tried with little delay. San Francisco is 470 miles from Long Beach, the home of the plaintiff to which he was transferred for hospitalization and 904 miles from Seattle. In other words, it appears that San Francisco is reasonably convenient to both the plaintiff, the defendant and defendant's witnesses, and furthermore, it appeared to be neutral ground where the parties might have a fair and impartial trial from every point of view.

Section 1404(a) of U.S.C.A. Title 28 provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

When a motion is made to change the venue of a case brought under this provision of the law, the Court is empowered to use its discretion as to the jurisdiction to which the suit should be transferred. It appeared that San Francisco for many reasons would be the most suitable for all parties concerned, and for good and sufficient reasons the Court reached the conclusion that the case properly should be transferred for trial to that place.

The witnesses for the defendant are in its service and live in Seattle. The defendant has stressed the contention that its employees at Seattle would be taken out of its service and transported to the place of trial in the event it is not held in Seattle. Many facts and circumstances should be taken into consideration by the Court in the transfer for trial of such cases as this. The short answer to the contention is that many of the facts may be stipulated, evidence may be obtained by interrogatories and by depositions. Generally the witnesses to such accidents as the one here involved actually are seen by very few persons. A comparatively small number may be required to be temporarily out of the service of the defendant or will be required to attend in person at the trial. Consequently, the contention is not greatly impressive.

The order of the Court transferring the case to San Francisco twice has been before the Court of Appeals for the Eighth Circuit and has been sustained. 238 F.2d 852; 245 F.2d 537. The defendant made application to the Supreme Court of the United States for a writ of certiorari. That Court sitting en bank recently denied the application for the writ.

Thirty years ago Judge Walter H. Sanborn in speaking for the United

States Court of Appeals, Eighth Circuit, in Hosey v. Kennamer, 21 F.2d 64, 65, said:

"* * * When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another. It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the judicial officer or officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision. (Authorities cited)."

In this case, 238 F.2d 852, the Court held than an order transferring an action, under 28 U.S.C.A. Section 1404(a), to the district in which the action could have been brought is not reviewable by prohibition or mandamus under 28 U.S.C.A. Section 1651, for an erroneous exercise of discretion. At page 857 another Judge Sanborn (Honorable John B.) in deciding the issue now before the Court said:

"So far as this Court is concerned, we shall hereafter grant leave to apply for mandamus or prohibition to review transfer orders if and when an Act of Congress or a decision of the Supreme Court requires us to do so. We think that, in the interest of an expeditious, efficient and orderly administration of justice, controversies about venue should be finally settled and determined at the District Court level.

"The application of the defendant for a writ prohibiting the transfer of the plaintiff's case to the Northern District of California and directing its transfer to the Western District of Washington, is denied upon the sole ground that the transfer order complained of by the defendant is not reviewable here by prohibition, mandamus or otherwise."

See General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316; In re Josephson, 1 Cir., 218 F.2d 174; All States Freight Inc. v. Modarelli, 3 Cir., 196 F.2d 1010, 1012; Clayton v. Warlick, 4 Cir., 232 F.2d 699; Goodman v. Southern Railway Co., D.C., 99 F.Supp. 852; Wookey v. Waterman Steamship Co., D.C., 89 F.Supp. 909; Jenkins v. Wilson Freight Forwarding Co., D.C., 104 F. Supp. 422; Naughton v. Pennsylvania R. Co., D.C.E.D.Pa., 85 F.Supp. 761.

The above authorities would seem quite sufficient to determine the issue now before the Court. The District Courts have, and should continue to have, discretionary power to select the court to which cases should be transferred. In passing on the defendant's motion for a change of venue the facts presented by the parties were carefully considered. It often has been held that the plaintiff might select the forum for his suit, but the defendant in this case properly invoked the provisions of Section 1404(a). On the many facts before the Court, it was believed that the most desirable place under all the circumstances was the Northern District of California.

We want the railroads, and we want them in sound financial condition, but that does not mean that the Court should abdicate its duty to use its discretion in making a selection of the jurisdiction for the trial of cases. Neither does it mean that the parties are vested with power to compel the courts to accede

to the demands either of a plaintiff or a defendant. The Court is convinced that there was no abuse of discretion and that it should adhere to its former order transferring the suit for trial to the Northern District of California. It is so ordered.