Charles PETERSON and Alma
Peterson, Plaintiffs,

v.

UNITED STATES STEEL CORPORA-
TION and Mid-Continental Coke
Company, Defendants.

No. 84 C 7528.

United States District Court,
N.D. Illinois, E.D.

March 19, 1985.

Kevin J. Conway, Cooney & Stenn, Chicago, Ill., for plaintiffs.

George W. Gessler, Donna Kaner Socol, Gessler, Wexler, Flynn, Laswell & Fleischmann, Ltd., Chicago, Ill., for defendant U.S. Steel.

McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

NORDBERG, District Judge.

This action, originally brought in the circuit court of Cook County, was removed to this court, with jurisdiction premised on diversity of citizenship. Plaintiffs Charles and Alma Peterson are residents of Indi-

ana. Defendant United States Steel is a Delaware corporation with its principal place of business in Pennsylvania. Defendant Mid-Continental Coke Company is a Delaware corporation with its principal place of business in Ohio. Plaintiffs seek recovery for negligence due to personal injuries sustained by Mr. Peterson on premises owned by defendant United States Steel in Gary, Indiana, while he was working as a truck driver for defendant Mid-Continental Coke Company. Defendants now move to transfer this action to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1404(a). In accordance with the following opinion, the defendants' motion to transfer is denied.

A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interests of justice. 28 U.S.C. § 1404(a). The initial determination in considering a motion to transfer is whether venue is proper in the transferee district. In the instant case, venue is clearly proper in both districts pursuant to 28 U.S.C. § 1391(a) and (c).

■ In addition to proper venue, a defendant moving to transfer an action has the burden of proving that the considerations embodied in § 1404(a) weigh heavily in favor of transfer. *Bodine's Inc. v. Sunny-O Inc.*, 494 F.Supp. 1279 (N.D.Ill.1980); *Cunningham v. Cunningham*, 477 F.Supp. 632 (N.D.Ill.1979). Accordingly, plaintiffs' choice of forum should rarely be disturbed unless the balance is strongly in favor of defendant. *Hess v. Gray*, 85 F.R.D. 15, 24 (N.D.Ill.1979); *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833, 839 (N.D.Ill.1982). Courts sometimes accord plaintiffs choice of venue less deference where plaintiff is not a residency of the judicial district in which the action is brought, as is the case here. Nevertheless, the weight which the court accords plaintiff's choice of forum should not be confused with defendant's substantial burden

of showing that litigation in the proposed transferee district would eliminate inconvenience and better serve the interest of justice. Applying the law to the facts of the present case, the court finds that defendants have not sustained their burden.

### I. Convenience of the Parties and Witnesses

Defendant Mid-Continental is based in Willowbrook, Illinois, and defendant United States Steel has offices and personnel in Chicago, Illinois. Moreover, United States Steel's Gary works plant, at which the events pertinent to this action are alleged to have occurred, is only a short distance from Chicago. Given the close proximity of the defendants to this court, it is difficult to find that they would be unduly inconvenienced by the action proceeding in this district.

■ With respect to the convenience of the witnesses, the court must consider not only the location of potential witnesses, but also the nature of their anticipated testimony and whether they can be compelled to testify. *Coats Co., Inc. v. Vulcan Equipment Co., Inc.*, 459 F.Supp. 654 (N.D.Ill. 1978). The defendants' argument regarding the inconvenience of bringing occurrence witnesses to Chicago from Gary, Indiana, is counterbalanced by plaintiffs' showing that plaintiffs' medical witnesses would, likewise, be inconvenienced by the trip from Chicago to Hammond, Indiana, if a transfer is granted. It is well-established that a change of venue is inappropriate when the effect is merely to shift the inconvenience from the defendant to the plaintiff. *Oce-Industrials, Inc. v. Coleman*, 487 F.Supp. 548, 553 (N.D.Ill.1980); *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470 (N.D.Ill.1979). Moreover, defendants have not shown that this court's lack of compulsory process over any potential witnesses would be detrimental to their case. Thus, on balance, the court finds an insufficient showing that the

**46**

convenience of the parties and witnesses weigh heavily in favor of transfer.

## II. Interest of Justice

■ The final consideration under § 1404(a) is whether a change of venue would serve the interests of justice. All factors which make the trial of a case easy, expeditious, and economical are to be considered. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In the instant case, no special circumstances, such as the existence of a related action in the transferee district with which this case may be consolidated, are present. Defendants argue that the controlling substantive law in this action is Indiana law and that therefore transfer to the Indiana District Court is warranted. In addressing this argument, the court first notes that federal district courts must often undertake the task of deciding foreign law. Further, familiarity with state law does not weigh heavily in consideration of a motion to transfer since a change of venue under § 1404(a) is to be "but a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964).

■ In essence, the court finds no convincing basis upon which to hold that the interest of justice would be best served by transferring this case. As other courts have noted, § 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance since the intent of the statute was to eliminate the real inconvenience which may accrue to parties and witnesses residing a substantial distance from the district where the action is brought. *Jenkins v. Wilson Freight Forwarding Co.*, 104 F.Supp. 422, 425 (D.C.N.Y.1952); *Lee v. Ohio Cas. Ins. Co.*, 445 F.Supp. 189, 192 (D.C.Del.1978).

For the foregoing reasons, defendants' motion to transfer this action to the United States District Court for the Northern District of Indiana is denied.