**CHAPMAN ASSOCIATES GENERAL BUSINESS, INC., Plaintiff,**

v.

**Gary JUSTAK, et al., Defendants.**

No. 89 C 9373.

United States District Court,
N.D. Illinois, E.D.

April 13, 1990.

Robin J. Omahana and Gregory A. Friedman, Friedman & Holtz, P.C., Chicago, Ill., for plaintiff.

James L. Wieser, Wieser & Sterba, Highland, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Chapman Associates General Business, Inc. ("Chapman") has sued Gary and Karen Justak and Justak Bulk Transport, Inc. (collectively "Justaks") in a three-count Amended Complaint (the "Complaint") stemming from the individual Justaks' sale of their corporation without paying Chapman a commission for its services in having located the ultimate buyer. Justaks have filed a 28 U.S.C. § 1404(a) ("Section 1404(a)") motion to transfer this action to the Northern District of Indiana (Hammond Division). For the reasons stated in this memorandum opinion and order, Justaks' motion is granted.

This Court rarely opts for the issuance of written opinions—let alone for the publication of those opinions—in Section 1404(a) situations. Most frequently such rulings simply involve fact-specific applications of the familiar Section 1404(a) standards ("[f]or the convenience of parties and witnesses, in the interest of justice"), without announcing any new or extraordinary principles. In this instance, however, the unusual nature of the transfer sought by Justaks—a transfer that Chapman's memorandum in opposition to the motion accurately characterizes as spanning a distance of just 20 miles from the courthouse here in Chicago to the Hammond courthouse—occasions this writing, and publication as well.

This Court's colleague Honorable John Nordberg has had the occasion to deal with an identical motion in *Peterson v. United States Steel Corp.,* 624 F.Supp. 44 (N.D.Ill. 1985), and he has come to the opposite conclusion. In the course of doing so he

effectively treated the close proximity of the two districts almost as though it justified a rule of law prohibiting such transfers, expressing the view that any such action would undercut the very intent that motivated the enactment of Section 1404(a) (624 F.Supp. at 46):

> In essence, the court finds no convincing basis upon which to hold that the interest of justice would be best served by transferring this case. As other courts have noted, § 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance since the intent of the statute was to eliminate the real inconvenience which may accrue to parties and witnesses residing a substantial distance from the district where the action is brought. *Jenkins v. Wilson Freight Forwarding Co.*, 104 F.Supp. 422, 425 (D.C.N.Y.1952); *Lee v. Ohio Cas. Ins. Co.*, 445 F.Supp. 189, 192 (D.C. Del.1978).[1]

■ Despite this Court's great respect for its colleague Judge Nordberg, it disagrees with the principle of law that appears to be suggested in *Peterson*. Instead this Court views the contiguousness of the transferor and transferee districts as a possibly significant (but surely not controlling) relevant factor in the Section 1404(a) balancing process, the task to which this opinion now turns.

■ As already stated, Chapman emphasizes the short distance between the two courthouses as though that somehow forecloses any consideration of a transfer. But that has some of the flavor of the song "If I Were a Rich Man" from *Fiddler on the Roof*, in which Tevye sings of a long staircase going up and an even longer staircase coming down:

> 1. Of course the distance from Chicago to Hammond is identical to that from Hammond to Chicago.

> 2. It appears that *all* the prospective witnesses are subject to subpoena for trial in *each* district under the 100–mile rule established by Fed.R.Civ.P. ("Rule") 45(e)(1), and the taking of depositions poses no problem in *either* district.

> 3. All of Chapman's indicated witnesses are its own employees, subject to its control and to no defined inconvenience in trial attendance.

> 4. And in these days of photocopying or fax duplication, the physical location of documents (and this is in no event a massive document case) is really an irrelevancy.

In short, every argument that seeks to minimize the inconvenience to Justaks of having to try the lawsuit in this district generates an argument of equal force that minimizes the inconvenience to Chapman if it is required to try the lawsuit in the neighboring Indiana district.

■ Only two factors enter the equation, as this Court perceives it, as potential counterweights against the normal preference that may be given to a plaintiff's choice of forum for Section 1404(a) purposes. And on that latter subject, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981) has reconfirmed that Section 1404(a) does not codify the principles first articulated in the forum non conveniens cases. Instead district courts are given considerably more discretion to transfer under Section 1404(a) than to dismiss on forum non conveniens grounds (in that respect, *Piper* simply reiterated the principle announced in *Norwood v. Kirkpatrick*, 349 U.S. 29, 31–32, 75 S.Ct. 544, 546–547, 99 L.Ed. 789 (1955)).

*Piper*, 454 U.S. at 241 & n. 6, 102 S.Ct. at 258 & n. 6 also reconfirmed that the factors identified in the seminal forum non conveniens decision in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) have remained the factors that are now summarized in capsule

---

**1.** [Footnote by this Court] In fact Judge Kaufman's statement to that effect in *Jenkins* was frankly labeled "obiter dictum" and as expressing his feelings as to the intention underlying the statute, without reference to any authority to that effect. And Judge Wright's opinion in *Lee* characterized the short distance involved in the proposed transfer there in the same way as this opinion does: as a factor that enters into (but does not itself control) the balancing of conveniences that Section 1404(a) contemplates.

form in Section 1404(a) as making up the "interest of justice" component of the equation. *Piper*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 summarized those factors in this fashion:

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S., at 508 [67 S.Ct., at 843]. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *id.*, at 509 [67 S.Ct. at 843].

Just to read those things in the context of the current case confirms that they are all essentially neutral here except for those having to do with choice of law and those having to do with court congestion. This opinion therefore deals with the effect of those factors.

■ In the first of those respects, the Supreme Court has just confirmed in *Ferens v. John Deere Co.*, —— U.S. ——, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) that the decision in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) remains intact: post-transfer under Section 1404(a), the transferee court must continue to apply the law of the transferor court (in this instance Illinois law).[2] But in this instance Illinois law means the Illinois *choice of law* rule (*Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)[3]). In this case that clearly means the rejection of the contractual provision in Chapman's printed contract that calls for the application of Georgia law, for Georgia has no connection whatever with the transaction. Instead the Illinois choice of law rule plainly refers to the substantive law of Indiana, the state that is unquestionably the center of gravity of the contractual transaction on which Chapman sues, as well as the place of execution of the contract itself and of at least one significant place of contractual performance.

In that regard an Indiana federal district judge is far better equipped to consider, construe and apply Indiana law than his or her counterpart (such as this Court) here in Illinois. One obvious example that jumps out from the face of the Complaint is that its Count II (seeking unjust enrichment) and Count III (seeking quantum meruit relief) would have to be dismissed if Illinois substantive law were to apply (a proposition with which this Court has ready familiarity; see, e.g., this Court's opinion in *Stanley Gudyka Sales Co. v. Lacy Forest Products Co.*, 686 F.Supp. 1301, 1306–07 (N.D.Ill.1988))—but this Court has no idea whether or not Indiana law contains the same doctrine. Other such instances of possible differences between Indiana law (not known to this Court) and Illinois law (with which this Court deals on a regular basis) cannot be known, by their very nature, until they are posed by further proceedings in the case. What is exceedingly plain, however, is that one factor re-

---

**2.** *Van Dusen* is one of the few opinions written by this Court's former partner, the late Justice Arthur Goldberg, that still survives after the lapse of a quarter century since his untimely departure from the Supreme Court. Indeed, although *Ferens* was a 5-to-4 decision of the current Supreme Court, the four dissenting Justices as well as the five Justice majority specifically continue to subscribe to *Van Dusen* itself. Where the Court split was on the question whether the *Van Dusen* rule should also apply where the Section 1404(a) transfer takes place on the motion of the *plaintiff* rather than the *defendant.*

**3.** *Klaxon* like *Van Dusen* was expressly endorsed by both the *Ferens* majority (—— U.S. at ——, 110 S.Ct. at 1284) and minority (*id.* at ——-——, 110 S.Ct. at 1284–88).

affirmed in *Piper* ("the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action") certainly points in favor of a transfer to Indiana.

As for the only other relevant factor in the "interest of justice" equation, the relative congestion of the two court calendars, that is a matter addressed in part by published information previously known to this Court and in part by Justaks' final memorandum in support of its motion. Both of those sources of information also point to transfer rather than retention of this action.

For the last annual accounting period reported upon by the Administrative Office of the United States Courts (Federal Court Management Statistics 1989, covering the year ended June 30, 1989), our District Court slipped a bit from its regular (and depressing) annual rank of number 1, 2 or 3 nationwide in terms of its weighted case filings (a combined measure of the numbers and complexity of cases filed in the district courts around the country). For that one-year period the Northern District of Illinois ranked number 7 nationally, though it still ranked first in the Seventh Circuit. By contrast the Northern District of Indiana ranked 59th nationally, with the weighted filings per judge in this district being a full 50% greater than the corresponding number for the Northern District of Indiana. Not surprisingly in light of that major difference in case complexity between the districts, the number of trials completed per judge in the Northern District of Indiana was 50% greater than the corresponding per-judge number in this district.

What this Court did not have access to from the published statistics, but what Justaks have now provided via their lawyer's affidavit reflecting information derived from the Clerk of the Indiana District Court, are the more particularized numbers for the relevant Hammond Division. That affidavit discloses an even greater imbalance in case filings per judge as between Indiana's Hammond Division and this Northern District of Illinois than the just-described imbalance reflected by the comparison between the district-wide numbers for the entire Northern District of Indiana and those for this district. Hence, as already stated, the important consideration of comparative court congestion also dictates transfer.

In summary, the factual picture presented by this case is that no more than minimal weight should be attached to Chapman's choice of forum in this Northern District of Illinois, not only in the terms recapitulated in *Piper* but more importantly for the very reason that Chapman offers in the course of *resisting* transfer: the close proximity of the two districts. In opposition to that, there must be placed in the scales two material factors pointing to transfer:

1. the need to apply Indiana rather than Illinois substantive law and

2. the substantial disparity in court congestion and therefore in the anticipated ease and speed of the case's reaching trial.[4]

Accordingly Justaks' motion for transfer to the United States District Court for the Northern District of Indiana (Hammond Division) is granted. There appears to be no reason to delay the transfer of the case as is permitted under this District Court's General Rule 30(a), and this Court therefore directs that the case shall be transferred forthwith.

---

4. This opinion has not dealt with one other factor Justaks seek to stress: the claimed cost to them of added legal representation, occasioned by their having to employ local counsel here for the receipt of notices and perhaps for other purposes (see this District Court's General Rule 3.13). With the two districts sitting side by side as they do, any such cost factors must be perceived as de minimis (wherever the case will be handled and whichever party is placed at a slight inconvenience in that way).