**LUMBERMENS MUTUAL CASUALTY COMPANY, as Subrogee of LaClede Steel Company, Plaintiff,**

v.

**The J.E. BAKER COMPANY, Defendant.**

No. 90 C 0805.

United States District Court, N.D. Illinois, E.D.

July 17, 1990.

Daniel J. Leahy, Ronald A. Strohm, Leahy, Eisenberg & Fraenkel, Ltd., Chicago, Ill., for plaintiff.

John D. Cassiday, Patrick J. Francis, Cassiday, Schade & Gloor, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Defendant J.E. Baker Company ("Baker") has moved to transfer this action to the United States District Court for the Southern District of Illinois at Alton pursuant to 28 U.S.C. Section 1404(a) ("Section 1404(a)"). Baker's motion to transfer must be granted.

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") is an Illinois insurance company with its primary place of business and home office in Long Grove, Illinois. (¶ 1.[1]) Lumbermens is the subrogee of LaClede Steel Company ("LaClede") by virtue of Lumbermens' payment under the terms of an insurance policy with LaClede. (¶ 2.)

LaClede owns a steelmaking facility in Alton, Illinois. Baker manufactures certain refractory materials. These refractory materials are used in the construction of molten metal ladles employed in the manufacture of steel. Lumbermens alleges that Baker negligently recommended the use of its refractory materials for construction of certain ladles used by LaClede. (¶¶ 6–7.)

Because of the use of the improper refractory materials, one of LaClede's ladles developed a serious refractory failure. This failure caused the release of large

---

**1.** All unidentified paragraph references are to Lumbermens' amended complaint.

quantities of molten metal within LaClede's melt shop, resulting in significant property damage. (¶ 8.) Lumbermens brought this action against Baker to recoup the money it paid for this property damage under a contract of insurance with LaClede.

The federal change of venue statute, 28 U.S.C. Section 1404(a), states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In passing on a motion for transfer this court "must consider the statutory factors in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

For transfer to be proper under Section 1404(a) Baker must establish: (1) that venue is proper in the transferor court; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of parties and witnesses and will promote the interest of justice. *General Accident Insurance Co. v. Travelers Corp.*, 666 F.Supp. 1203, 1206 (N.D.Ill.1987).

The first two requirements for transfer are easily met. In its amended complaint Lumbermens alleges that jurisdiction for this contract dispute is founded on diversity of citizenship. (¶ 5.) Therefore, venue is proper "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C.A. § 1391(a). Lumbermens is an Illinois corporation with its primary place of business in this district. (¶ 1.) The claim arose in Alton, Illinois. (¶ 6.) Therefore, venue is proper both in this district and in the Southern District of Illinois.

The third requirement for transfer—that the transfer will serve the convenience of parties and witnesses and will promote the interest of justice—also is satisfied.

Baker has identified five employees of the LaClede Steel Company who were involved in the events preceding the ladle incident and who it claims will need to be deposed and called to testify at trial. (Scurfield Aff. ¶ 2.) Lumbermens counters that because of its subrogation agreement with LaClede these employees will fully cooperate and assist in this action. (Pl. Mem. at 5; Ducey Aff. ¶ 4.) The issue, however, is not cooperation, but convenience. Regardless of the fact that these witnesses will cooperate, it remains that their deposition and trial testimony will be substantially more convenient if this case is transferred to the Southern District of Illinois where the witnesses both live and work.

None of the other witnesses which the parties intend to call at trial live either in this district or in the Southern District of Illinois. (*See* Scurfield Aff. ¶ 4; Ducey Aff. ¶ 8.) Thus, the difference in convenience between this district and the Southern District of Illinois for these witnesses is insignificant.[2] Therefore, based upon the evidence presented to this court the Southern District of Illinois would be clearly more convenient for a majority of the witnesses likely to be called in this action.

Finally, the "interest of justice" analysis relates to the efficient functioning of the courts and may be determinative in a particular case "even if the convenience of the parties and witnesses might call for a different result"—which in this case it does not. *Coffey*, 796 F.2d at 220–21. In this case the relative ease and access to sources of proof and judicial economy weigh heavily in favor of transfer to the Southern District of Illinois.

The product which forms the basis for this action—the 100–ton molten metal ladle—remains at LaClede Steel Company in Alton, Illinois. (Scurfield Aff. ¶ 3.) Lumbermens argues that it is not the ladle which forms the basis for this action, but rather the refractory materials which Baker manufactured, which since have been replaced. Lumbermens assures the court that the ladle is not available for inspec-

---

**2.** The court refuses to "take judicial notice of the fact that Chicago is a major transportation center" and thus may be more easily accessed than Alton. Although this may be true, it is hair-splitting, and inconsequential to the analysis in this particular case.

tion, other than via photographs in Lumbermens' possession and samples removed by Lumbermens' experts. (Pl.Mem. at 4; Ducey Aff. ¶ 6–7.)

However, this court is concerned with more than merely preparation and presentation of Lumbermens' case—it also must consider Baker's defense. Baker argues, and reasonably so, that the actual ladle which developed refractory failures and caused the damage to LaClede's property is relevant to resolution of this suit. It need not rely solely upon photographs and samples provided by Lumbermens, the party suing it. Thus, the location of the ladle in Alton, Illinois indicates that the Southern District of Illinois would provide easier access to the proof in this case.

Judicial economy also favors transfer of this action. The high number and complexity of case filings in this district is both well-known and at times frustrating both to parties and to judges. *See, e.g., Chapman Associates General Business, Inc. v. Gary Justak*, 734 F.Supp. 828, 831 (N.D. Ill.1990); *Bertrand Goldberg Associates, Inc. v. Providence Hospital*, No. 88 C 6694, 1990 WL 43597 (N.D.Ill. April 5, 1990) (1990 U.S.Dist. LEXIS 3892 at *16). Although also exceptionally busy, the Southern District of Illinois has fewer cases pending than this district, both in total terms and in terms of cases per judgeship. *See The Judicial Business of the United States Courts of the Seventh Circuit 1989*, published by Thomas F. Strubbe, Clerk, U.S. Court of Appeals for the Seventh Circuit, at 23, 29. Thus, the relatively heavy caseload for this district further convinces this court that the interest of justice dictates transfer of this case to the Southern District of Illinois.

## CONCLUSION

Based upon consideration of all of the relevant factors under 28 U.S.C. Section 1404(a), this court determines that defendant Baker's motion to transfer must be GRANTED. Overall, transfer will be more convenient for both the parties and the witnesses and will best serve the interest of justice. Therefore, pursuant to 28 U.S.C. Section 1404(a) this case is ordered TRANSFERRED to the Southern District of Illinois.