**SAVAGE**

v.

**KAISER MOTORS CORP. et al.**

Civ. No. 1405.

United States District Court,
D. Minnesota, Fifth Division.

Nov. 27, 1953.

W. K. Montague and James G. Nye, Duluth, Minn., for plaintiff.

John L. Hannaford and Pierce Butler (of Doherty, Rumble & Butler), St. Paul, Minn., for defendant.

## 434

DONOVAN, District Judge.

The original action was commenced in the Minnesota District Court for the Eleventh Judicial District by garnishing certain credit balances owed by the garnishee, Kaiser-Fraser Sales Corporation, to the defendant. Personal service was not made on the defendant, since it is not present or doing business in the state, and the plaintiff proceeded to invoke the quasi-in-rem jurisdiction of the state court by serving the defendant by publication, as permitted by the statute. Thereafter, the defendant removed the action to the United States District Court for the District of Minnesota, Fifth Division, and agreed with plaintiff's counsel that its appearance might be considered a general one. Defendant makes no suggestion that it is entitled to a change of venue as a matter of right, but rather addresses its motion to the sound discretion of the Court. The motion is based on affidavits and submitted to the Court on oral argument and briefs.

It appears from examination of the files on record that this action is for an alleged breach of contract in which the contract and agreement were apparently embodied in certain dealings and conversations between the parties. The issue in this motion then becomes whether in proving this contractual relationship and any resulting effects, in the convenience of parties and interest of justice, this case should be tried in Duluth, Minnesota, or in the Eastern District of Michigan.

Counsel for both parties have submitted to the Court affidavits setting forth the names and addresses of prospective witnesses and the situs of documentary records needed in proving their respective claims.

■■ The greater weight of authority requires that the balance of convenience must be strongly in favor of defendant, to support a transfer from one federal District Court to another, upon motion for such transfer. Consideration of the question of venue necessarily involves the requirement on the part of defendant to carry the burden of overcoming the venue privilege of plaintiff, by (a) showing who the witnesses are and where they reside, and (b) in a general way stating what defendant proposes to prove by said witnesses. This emphasizes the probative value of the expected testimony, rather than the number of witnesses defendant plans to call.

■ Inconvenience to parties and their witnesses, as well as the availability of compulsory process for attendance of unwilling witnesses, is a matter of vital importance in determining the sort of question here presented. Thought must also be given to public interest, in asking for a transfer from a federal District Court where a prompt trial can be had, to a congested center where a heavy case load may exist.[2]

■ The plaintiff's choice of forum should prevail, unless the balance as to convenience of parties and witnesses is strongly in favor of defendant.[3]

■ The Court has given due consideration to the affidavits submitted, along with the briefs which counsel have supplied, and is of the opinion that no injustice will be rendered by retaining this case for trial in the Fifth Division of the District of Minnesota, where the convenience of parties and the ends of justice will best be served.

■ In arriving at this conclusion, the Court is not unmindful that defendant contends that Section 1404 is not a mere codification of the Forum Non Conveniens doctrine. However, Section 1404 gives the Court broad discretion in deciding whether to retain a case for trial or to transfer it to another district.

2. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 502, 67 S.Ct. 839, 91 L.Ed. 1055.

3. Koster v. (American) Lumbermen's Mutual Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Sun Oil Co. v. Lederle, 6 Cir., 199 F.2d 423; General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316; Jenkins v. Wilson Freight Forwarding Co., D.C., 104 F.Supp. 422.

In this instance the Court exercises its discretion in favor of the plaintiff.

The motion to transfer is denied.

It Is So Ordered.

Defendant is allowed an exception.