**SEABOARD MACHINERY CORP.**

v.

**BETHLEHEM STEEL CO., Inc.**

**Civ. A. No. 425.**

United States District Court
N. D. Florida, Tallahassee Division.

April 20, 1954.

**592**

Caldwell, Foster, Parker & Wigginton, Tallahassee, Fla., for plaintiff.

Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

DeVANE, Chief Judge.

The court has before it for disposition a supplemental motion to transfer this case to the United States District Court for the District of Columbia, or, in the alternative, to stay further proceedings in this case until final disposition of a suit brought by defendant and four affiliates against plaintiff in the District of Columbia. A brief résumé of the history of this litigation up to the time of the filing of the supplemental motion to transfer or for a stay is necessary for a clear understanding of the question presented to the court by this motion.

This suit was brought by plaintiff against defendant in this court on August 13, 1953. The complaint is in three counts. The first count is for money alleged to be due and owing plaintiff by defendant. The second count is for breach of contract between plaintiff and defendant and the third count is to recover damages from defendant for inducing other corporate affiliates of defendant to breach their contracts of a like nature with plaintiff and for other alleged misconduct of defendant.

Subsequent to the institution of this suit defendant, together with four affiliates having similar contracts with plaintiff, filed suit on November 10, 1953 in a State court in New York alleging a breach of their several contracts by plaintiff and seeking to recover damages therefor. On November 17, 1953 the same parties filed an identical suit in a State Court in Delaware against plaintiff. The defendant in those suits, Seaboard Machinery Corporation, appeared specially and attempted to remove them to the Federal courts and questioned the right of plaintiffs to sue in those jurisdictions. The New York case is still pending in the Federal court, but the Delaware case was remanded to the State court. Promptly upon its remand Bethlehem Steel Company and its name affiliates filed another identical case against Seaboard Machinery Corporation in the Federal court in Delaware and upon filing this latter case Bethlehem Steel Company promptly moved this court to transfer this case either to New York or to Delaware where the other cases were pending in a Federal court. It developed at a hearing on the motion to transfer that the question of jurisdiction in those cases was in dispute and defendant abandoned that motion and Bethlehem and its same affiliates promptly thereafter filed another identical suit in the United States District Court for the District of Columbia against the Seaboard Machinery Corporation and having secured jurisdiction in that case over Seaboard Machinery Corporation promptly filed in this court the pending supplemental motion to transfer this case to the District of Columbia or to grant a stay in this case until the defendant, Bethlehem Steel Company and its affiliates litigate with the Seaboard Machinery Corporation the issues raised in the case pending in the District of Columbia.

The complaint in this case alleges that on March 31, 1951 defendant entered into an agreement with the United States to complete designs and formulate specifications for a fleet of new type high speed dry cargo vessels and to construct and deliver five such vessel in accordance with the provisions of the contract. Thirty vessels in all were to be constructed and the United States entered into contracts with four affiliates of defendant for the construction of five each

of these vessels and with the New York Shipbuilding Corporation, not an affiliate, for the construction of the remainder of said vessels. All six companies holding contracts with the United States for the construction of these vessels entered into separate contracts with plaintiff to construct for them steel hatch covers for the several vessels.

Prior to the institution of this suit New York Shipbuilding Corporation had filed on July 16, 1953 a suit against Seaboard Machinery Corporation and its bonding company to recover damages for an alleged breach of its contract. This suit is still pending in the District of Columbia.

As noted above, the prime contract out of which all these controversies grew is a contract entered into between the United States and Bethlehem Steel Company on March 31, 1951, by which Bethlehem Steel Company agreed to formulate specifications for a fleet of new type high speed dry cargo vessels, which Bethlehem and its four affiliates and New York Shipbuilding Corporation entered into contracts with the Government to construct. The factual background to this litigation, therefore, indicates a desirability to transfer this case to the District of Columbia where the issues raised in the several suits could be litigated in the same court, unless there is some valid legal reason for not doing so.

■ Bethlehem strongly urges in the language of Title 28 U.S.C.A. § 1404(a) the convenience of the parties and witnesses as its chief ground for the transfer, but a careful analysis of the affidavits submitted in support thereof and in opposition thereto clearly discloses that there is no substance to its contention in this respect. None of the parties are residents of the District of Columbia and the witnesses, as shown, by the affidavits filed herein, are scattered from Boston, Massachusetts to Florida. While it is true some of the witnesses live in and around the District of Columbia the great majority however do not reside there and whether they are required to travel one mile or two (Mt. 5–41) should make no difference in so far as the trial in either court is concerned.

■ Bethlehem next contends that both cases now pending in the District of Columbia and this case could be consolidated for trial and advance this as a strong persuasive reason for transferring this case to the District of Columbia. While this court is in no position to pass upon this question there has been filed in the case an affidavit by counsel for the New York Shipbuilding Corporation to the effect that the cases should not be consolidated and that as counsel for said corporation he would vigorously oppose any effort to consolidate them. Moreover, as pointed out above, the complaint in this case is in three counts against defendant; the second count only dealing with the question of the breach of contract between plaintiff and defendant and the other two counts dealing with entirely different questions; and counsel for Seaboard has asserted in this court strong opposition to the consolidation of this case with the Bethlehem, et al. case in the District of Columbia against Seaboard as has counsel for the New York Shipbuilding Corporation. Assuming consolidation should not be ordered, the pending cases in the District of Columbia could and probably would take precedence over this case on the trial calendar. Therefore, it may well be, as contended by counsel for the Seaboard, that the transfer of this case to the District of Columbia could bankrupt plaintiff and, in effect, bring an end to this litigation.

Plaintiff has filed in this case an affidavit of Joseph Paull, Administrative Assistant to Hon. Bolitha J. Laws, Chief Judge of the United States District Court for the District of Columbia, wherein Paull states: "that as of March 1, 1954, twenty-three months would elapse between the time a civil jury case was placed on the calendar and the time it would be reached for trial." This court is in position to give the parties to this litigation a prompt trial of this case and the interest of justice would

not be served by subjecting plaintiff to a delay of two years or more before this case could be reached for trial.

Upon a review of the affidavits filed and of the many authorities cited by counsel in support of and in opposition to said motion to transfer this case from this court to the District of Columbia, this court is clearly of the opinion that defendant has not met the requirements of Title 28 U.S.C.A. § 1404(a) and is not entitled to an order of transfer.

What has already been said as to the reasons for this court refusing to order a transfer makes it clear that the court should deny the motion for stay for the same reasons and upon the same ground.

An appropriate order will be entered in conformity with this Memorandum Decision.