Charles COFFILL, as administrator of goods, chattels and credits of Helen G. Coffill, deceased; Marguerite Parlato and William Parlato, individually and as guardian ad litem of Janice Parlato, an infant, Plaintiffs,

v.

ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.

Civ. A. No. 16140.

United States District Court
E. D. New York.

Jan. 15, 1960.

**106**

Sturm & Perl, New York City, for plaintiffs, Abraham Fishbein, New York City, of counsel.

Carter, Ledyard & Milburn, New York City, for defendant, James J. Mennis, New York City, of counsel.

BARTELS, District Judge.

Motion by defendant for an order pursuant to § 1404(a) of Title 28 U.S.C.A. to transfer the action to the United States District Court for the Eastern District of North Carolina. The action is to recover damages for the alleged wrongful death of one of the plaintiffs (instituted by an administrator) and for personal injuries sustained by two other plaintiffs and their infant daughter then 12 years of age (instituted by a guardian ad litem) in a grade crossing accident which occurred on August 10, 1955 in Williamstown, North Carolina. The suit was commenced on December 15, 1955 and on April 20, 1956 a motion was made by defendant to transfer the action to the United States District Court for the Eastern District of North Carolina, which motion was then denied. Since the original motion was denied, defendant has discovered six additional non-employee witnesses, all of whom live in North Carolina, and now renews this motion for transfer based primarily upon affidavits of four of these witnesses. In view of the prior denial of this motion, this Court believes that there should be a strong case for removal in order to persuade it to favorably exercise its discretion.

■ Before considering the merits of the application the Court wishes to dispose of plaintiffs' contention that the motion must be denied as a matter of law because this action could not have been instituted in North Carolina and that

under § 1404(a) an action may only be transferred to the place where the action "might have been brought". Plaintiffs have confused the statute which confers jurisdiction upon this Court by reason of diversity of citizenship (28 U.S.C.A. § 1332) with the statute which determines the venue where an action may be brought (28 U.S.C.A. § 1391). In this case there is diversity of citizenship, the plaintiffs being citizens of New York and the defendant being a citizen of Virginia, where it is incorporated and has its principal place of business (28 U.S. C.A. § 1332(c)). Venue is another matter, and is determined by the residence of the parties. Under 28 U.S.C.A. § 1391 (c) "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Defendant's moving papers assert that its "principal operating office" is in North Carolina. Since it is doing business in North Carolina it has a residence in North Carolina and for venue purposes it could be sued in North Carolina.

■■ Section 1404(a) reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Congress in adopting this section, did more than codify the existing law on *forum non conveniens*. It granted the District Judge a broader discretion in the application of the statute than under the doctrine of *forum non conveniens*. As stated by the Court in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, at page 32, 75 S.Ct. 544, at page 546, 99 L.Ed. 789:

"* * * As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant

transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

Since this interpretation of the section courts have granted transfers based upon this broader conception rather than under the narrower doctrine of *forum non conveniens*. The relevant factors derived from the doctrine must still be considered however and plaintiff's choice of forum must be given its proper weight. In deciding whether to exercise or decline its discretion one of the most important elements to be considered, as appears from the section itself, is "the interest of justice". While the choice of the forum by plaintiff is no longer a dominant factor, as it was prior to Norwood v. Kirkpatrick, supra, it nevertheless remains a factor which is entitled to marked respect and deference.

■ It is true that the accident occurred in North Carolina, that North Carolina law would be applicable and that there would be a possibility of viewing the scene of the accident if the action were transferred to North Carolina. Based upon these and other factors, the Court has in the past transferred a number of cases involving railroad accidents to the district where the accident occurred. In most of such cases there are factors which are favorable to both the district in which the accident occurred and the district where the suit was brought and an equitable balance must be struck.

According to the affidavits submitted by defendant, it expects to call eighteen witnesses, nine of whom are employees and nine of whom are non-employees, six of the latter representing the newly discovered witnesses, all of whom live in North Carolina and none of whom are subject to compulsory process in New York. Pursuant to their affidavits, plaintiffs expect to call approximately thirteen lay witnesses and twelve doctors,

none of whom are subject to compulsory process in North Carolina.

■ The Court has carefully read the affidavits of both parties and has had doubts as to the number of witnesses which actually will be called by either party. It has also noted from the defendant's papers that out of six new witnesses only four submitted affidavits expressing a preference to have the trial in North Carolina and of these four none stated that he would not attend a trial in New York. Only one of these witnesses, Luther Strickland, indicated in a general way what his testimony would be. In a motion of this type the moving affidavits should disclose the nature and materiality of the proposed testimony of the witnesses. Strypek v. Schreyer, D.C.N.Y.1954, 118 F.Supp. 918. It is claimed in these affidavits and emphasized by defendant that plaintiffs' attorneys have notified each of these witnesses that his attendance at the trial in New York could not be compelled and indeed attempted to persuade them not to appear in New York. The plaintiffs' attorneys vigorously deny any such attempt to influence the witnesses although there admittedly was a discussion of their exemption from compulsory process. The truth of such an accusation cannot be determined by affidavits and consequently it must be ignored in the determination of this application.

■■ From the affidavits on this and the prior motion, it appears that if this case were removed to the District Court for the Eastern District of North Carolina it would be tried in Washington, North Carolina, where the Court sits one week in April and one week in October of each year, the next term commencing on April 25, 1960. It further appears that there is no assurance that this case can or will be tried at either of those terms in 1960. In contrast, the case in this Court is now on the Ready for Trial Calendar and trial can be had within four weeks. Convenience of the parties and the witnesses including easy and inexpensive access to sources of proof are important considerations in

applications for transfer but "the interest of justice" still remains the primary and decisive factor in their determination, even under the doctrine of Norwood v. Kirkpatrick, supra. This case has been pending for four years and its trial should no longer be delayed. The prompt and expeditious disposition of the controversy outweighs any inconvenience to the parties and witnesses. Metropolitan Life Insurance Company v. Potter Bank and Trust Company, D.C.Pa.1955, 135 F. Supp. 645, 646; In re Petition of Baker-Whiteley Towing Co., D.C.Md.1956, 145 F.Supp. 904, 906; Seaboard Machinery Corp. v. Bethlehem Steel Co., D.C., 120 F.Supp. 591, 593–594. The interest of justice would be best served by a prompt trial. Under the circumstances the Court has not been persuaded that the case should be transferred and the motion for transfer is accordingly denied. Submit order.