**NAFTILOS MARITIME CO., Ltd., a New York Corporation, Libelant,**

**The STEAMSHIP BRIDGEHAMPTON (formerly known as Captain Nicholas Sitinas), her boilers, engines, boats, masts, anchors, tackle, furniture, apparel and equipment,**

v.

**TRAMP SHIPPING AND OIL TRANS-PORTATION CORPORATION, a Delaware corporation, Respondent.**

Civ. No. 5-62-112.

United States District Court
D. Minnesota,
Fifth Division.

March 21, 1963.

Butchart, Fredin & Eaton, Conrad M. Fredin, Duluth, Minn., Burlingham, Underwood, Barron, Wright & White, Gerard Harrington, Jr., New York City, for libelant.

McCabe, Van Evera, Mundt & Hall, William P. Van Evera, Duluth, Minn., Cadwalader, Wickersham & Taft, John A. Sullivan, New York City, for respondent.

DONOVAN, District Judge.

This matter comes before the Court on respondent's motion to transfer the venue of this case to the United States District Court for the Southern District of New York. The motion is based on Section 1404(a), 28 U.S.C.A.[1]

[1] The respondent in the present case asserts that the interests of the parties could be more justly determined in the United States District Court for the Southern District of New York for the following reasons:

(a) The alleged contract was wholly executed in New York.

(b) The witnesses are all residents of New York with only a few exceptions, while none are residents of Minnesota.

(c) The records are all kept in New York.

(d) Compulsory appearance is not available in Minnesota.

(e) The trial should be lengthy and the expense of bringing witnesses and records to Duluth would be great.

Libelant answers these contentions by pointing out that the court should give weight to the fact that generally the libelant has the right to choose its venue It also points out that this dispute involves a contract whereby the parties became joint-owners of the vessel BRIDGEHAMPTON. Libelant claims that respondent has fallen into financial

---

1. 28 U.S.C.A. § 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

difficulty and has mismanaged the ship in question to the detriment of libelant. The prompt resolution of this controversy is essential since the BRIDGEHAMP-TON costs thousands of dollars a day to run. Libelant shows that the case-load in the Southern District of New York is very heavy and that it will take about thirty-nine months before commencement of trial, while the same case in Duluth can be tried at the next general term of court. Libelant claims that the savings which would result from a transfer would be small compared to the loss which would result from a delay of trial in the Southern District of New York.

 The parties agree that this action was properly brought in this district and also that it could have been commenced in the Southern District of New York. They also agree that transfers of this type are within the discretion of the trial court.[2] The parties differ only in the weight that they give to the various factors to be considered on a motion for transfer. It is apparent that a large amount of money is involved, and that a delay of two and one-half years could be very serious indeed. Respondent's assertion that a long trial in Duluth would be costly does not outweigh the possible loss that could be incurred by such a delay. The witnesses, which respondent claims would be necessary, are either employees of or agents or accountants for respondent with the exception of those persons who are connected with the Collector of Customs of the Port of New York. The latter would be the only witnesses that would have to testify by deposition. The greater weight of authority requires that the balance of convenience must be strongly in favor of respondent to support a transfer from one Federal district to another.[3]

For these reasons the motion to transfer to the United States District Court for the Southern District of New York is denied.

It is so ordered.

Respondent is allowed an exception.

---

2. 28 U.S.C.A. § 1404(a); Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540; Savage v. Kaiser Motors Corp., (D.C.Minn.) 116 F.Supp. 433.

3. Savage v. Kaiser Motors Corp., supra note 2.