Lloyd J. JOHNSON, Plaintiff,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant.

Civ. No. 3-63-342.

United States District Court
D. Minnesota,
Third Division.

Feb. 19, 1964.

Holst, Vogel & Richardson, by Milton I. Holst, Red Wing, Minn., for plaintiff.

Stringer, Donnelly & Sharood, by Henry H. Cowie, Jr., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the court on defendant's motion to transfer the venue of the instant case to the United States

District Court at Topeka, Kansas,[1] and plaintiff's motion to produce.

This is a diversity action. There is no claim that defendant is not subject to the jurisdiction of the United States District Court for the District of Minnesota. The motion is based exclusively on "the convenience of parties and witnesses and in the interest of justice." Defendant's supporting affidavit, as made by one of its attorneys, states:

"The calendar of jury actions in the United States District Court for the District of Kansas at Topeka, Kansas is current. Your affiant has made inquiry in this regard and has been informed and believes that the next term of said court commences in March, 1964, and that in the event of transfer of this action, it could be reached for trial upon that term."

The file discloses that damages are sought by plaintiff for personal injuries alleged to have been sustained by him on or about November 24, 1962, while plaintiff was a passenger on defendant's train. The accident occurred in the State of Kansas.

The answer does not question the jurisdiction of this court.

We will consider each of the motions in the order of their date of filing in the clerk's office.

1. The motion by defendant for change of venue.

■■ The greater weight of authority requires that the balance of convenience in this motion must be strongly in favor of movant in order to justify a transfer from one Federal district court to another. The burden placed upon defendant in support of the motion to change the venue for trial purposes requires, first, that the party demanding the change of venue to list the witnesses by name and their place of residence, and, secondly, to state generally what is expected to be proved by the witnesses named.

"Inconvenience to parties and their witnesses, as well as the availability of compulsory process for attendance of unwilling witnesses, is a matter of vital importance in determining the sort of question here presented. Thought must also be given to public interest, in asking for a transfer from a federal District Court where a prompt trial can be had, to a congested center where a heavy case load may exist." [2]

■ The two Federal district courts here involved are current. The plaintiff's choice of a forum should prevail unless the balance as to convenience of parties and witnesses is strongly in favor of defendant. The ultimate inquiry is where the trial will best serve the convenience of the parties and the ends of justice. Much is left to the discretion of the court to which plaintiff first resorts.

■ The supporting affidavits do not indicate harassment. Section 1404 of Title 28 United States Code, vests broad discretion in the court and in this instance the court rules against the relief sought by movant.

Motion for change of venue is denied.

It is so ordered.

2. Motion by plaintiff to produce.

It appears from the file and argument of counsel that this motion has to do with privilege and the work product of counsel for the defendant.

■ Production as of right, under Rule 34 of the Federal Rules of Civil Procedure, is not required in the present case. The general policy against invading the privacy of counsel retained to represent plaintiff or defendant at the trial of the case is such in the present status of the file of the clerk of court as not to warrant the issuance of an

---

1. Movant cites Title 28 United States Code Annotated § 1404(a).

2. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Savage v. Kaiser Motors Corp., D.C.Minn., 116 F.Supp. 433, 434.

order as moved for by this motion. There is no ground shown requiring the exercise of the court's discretion in favor of the plaintiff.[3]

The motion to produce is denied.

It is so ordered.

The parties may have an exception.

---

3. Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451.