**DEVELOPMENT COMPANY OF AMERICA, Inc., and the Whiting-Turner Contracting Company**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Civ. A. No. 16270.

United States District Court
D. Maryland.

Jan. 17, 1966.

Morgan, Lewis & Bockius, Philadelphia, Pa., David R. Owen, Semmes, Bow-

en & Semmes, Baltimore, Md., for plaintiff.

William B. Somerville, Smith, Somerville & Case, Baltimore, Md., for defendant.

DALTON, District Judge.

This action concerns a policy of insurance issued by the defendant which covers certain real estate and improvements thereon. On February 26, 1965 the plaintiffs brought an action in the Superior Court of Baltimore City claiming that the Insurance Company of North America is responsible under this policy for physical damage to a building then under construction in Philadelphia, Pennsylvania. The case was removed to this court on March 16, 1965, and plaintiffs' motion to remand was denied by an order entered November 5, 1965.

On November 26, 1965 defendant moved this court for a change of venue pursuant to 28 U.S.C. § 1404(a) (1948). In support of this motion defendant has filed an affidavit from Mr. John C. Phillips, its Senior Vice-President, the pertinent parts of which state:

(1) the majority, if not all, of the witnesses that defendant corporation intends to call at the trial of the case reside in the Eastern District of Pennsylvania and are beyond the process of this court;

(2) there is a possibility that the jury might be asked to view the premises, located in Philadelphia, Pennsylvania;

(3) there is a possibility that the defendant will institute third party proceedings against two firms which do business in Pennsylvania and not in Maryland and which therefore are not amenable to suit in this court.

The affidavit alleges generally that great hardship and expense would be encountered if the action were to be tried in Maryland.

The provisions for a change of venue to a more convenient forum in federal civil cases are the relatively recent innovation of section 1404(a) of the 1948 Judicial Code. This section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■■■ The starting point in any inquiry along these lines is the Supreme Court mandate that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Section 1404(a) has given rise to numerous reported decisions, most of which illustrate how a particular court has weighed the various factors set out in the statute in determining whether to transfer a case on a given set of facts. As might be expected, there has been considerable disagreement among the courts both with respect to the legal issues presented by the legislation and the facts which will warrant a transfer. An exception to this have been the decisions relative to the sufficiency of the affidavit requesting a transfer, especially when it concerns the "convenience of witnesses." Usually the courts have demanded a positive showing that another forum would be more convenient and have refused to transfer on the basis of conclusory affidavits which merely allege that trial where suit was brought would cause great expense, hardship, and the importation of many witnesses, some of whom might be beyond the reach of the courts' process. The courts have refused to let applications for transfer become a "battle of numbers" with the victor emerging as the party who is able to present the longest list of witnesses located in the desired district of transfer. The moving party must set out in the affidavit the names of the witnesses and the substance of the evidence that each will give. Unless the court has at least a general idea of the materiality of the evidence to be offered, virtually the entire decision on whether to transfer the case would be left to speculation and conjecture. The burden is on the defendant to show the necessity for a transfer, not by a bare

balance of convenience, but by a preponderance. For example, see: Chicago, R. I. & P. R. Co. v. Hugh Breeding Inc., 232 F.2d 584 (10th Cir. 1956); General Portland Cement Co. v. Perry, 204 F. 2d 316 (7th Cir. 1953); Johnson v. Chicago R. I. & P. R. Co., 228 F.Supp. 160 (D.Minn.1964); Clendenin v. United Fruit Co., Inc., 214 F.Supp. 137 (E.D. Pa.1963); Coffill v. Atlantic Coast Line R.R., 180 F.Supp. 105 (E.D.N.Y.1960); United Air Lines, Inc. v. United States, 192 F.Supp. 795 (D.Del.1959); Jenkins v. Wilson Freight Forwarding Co., 104 F.Supp. 422 (S.D.N.Y.1952); Goodman v. Southern Ry., 99 F.Supp. 852 (S.D. N.Y.1951); Annot., 10 A.L.R.2d 932 (1950); Kaufman, Observations on Transfers under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595, 607 (1951); 1 Barron & Holtzoff, Federal Practice & Procedure § 86.5 (Wright ed. 1961); Wright, Federal Courts § 44 (1963).

In this case the defendant has listed the names and addresses of four expert witnesses which it says probably will be called to testify. It has alluded to other witnesses but has failed to name them. In no respect has the court been given any indication of the substance of the testimony that these witnesses would give if called. There is nothing to show that the testimony would be material to the action, and the court has no real basis upon which to render a decision to transfer the case. The same holds true for the claims that the jury might be called upon to view the building and that certain other parties might be impleaded. The court needs some idea of the likelihood of these two things coming to pass and must know if this would have a material effect on the litigation.

■ It is believed that the federal courts, with one accord, would deny the application for transfer in this case, as it now stands, on the basis of an insufficient affidavit. An order will be entered denying the motion for a change of venue.