**Lloyd H. CHARRON, Plaintiff,**

v.

**GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.**

**No. 4–69 Civ. 304.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 26, 1970.

Rerat, Crill, Foley & Boursier, by Patrick J. Foley, Minneapolis, Minn., for plaintiff.

Richard V. Wicka, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

In this suit brought under the Federal Employers' Liability Act and venued in this court sitting at Minneapolis, Minnesota, plaintiff claims to have sustained injuries on September 3, 1966 while in the course of his employment by defendant as a baggageman working in the depot at Minot, North Dakota. The United States District Court for the District of North Dakota sits and holds regular terms of court in the City of Minot, which is situate in the central part of the State some 482 highway or 495 railroad miles from Minneapolis, Minnesota. Plaintiff now resides in Minot and so resided at the time he received his injuries.

Defendant moves for a change of venue to the United States District Court for the District of North Dakota under 28 U.S.C. § 1404(a) "For the convenience of parties and witnesses, in the interest of justice * * *." There is no question but that the venue of the action is legally proper in Minnesota because defendant operates in this state and in the first instance under the Fed-

eral Employers' Liability Act plaintiff may select as his forum any jurisdiction where the defendant operates. Nor is there any question either that the action originally could have been brought in the Federal District Court for North Dakota.

Defendant points out that in response to defendant's interrogatories requesting the names of persons with knowledge of the facts of the occurrence which injured plaintiff, plaintiff's counsel lists eleven witnesses including three doctors, all of whom reside in Minot, North Dakota. In addition he lists the "Hospital personnel and employees" of two Minot, North Dakota hospitals where plaintiff apparently received treatment. The only nonresidents of Minot are an examining (but apparently not a treating) physician Dr. Lerner of Minneapolis and an investigator whose office adjoins that of plaintiff's counsel.

By affidavit, defendant's general claims attorney mentions the same witnesses listed by plaintiff, a number of whom are employees of defendant with a general statement as to the knowledge residing in each, but asserts that the three medical witnesses and one former employee of defendant are not subject to subpoena by this court and will have to testify in Minnesota by deposition, if unwilling to come personally to court. Defendant stresses that if the venue were to remain in Minnesota there would be excess-witness cost, substantial periods of absence of employees from work, lack of accessibility to Minot hospitals, doctors and medical records, and inconvenience to all defense witnesses, all of which it is claimed would put defendant at a distinct disadvantage at trial.

The court is of the view that this case should be transferred to and venued in North Dakota. This is not a case where the witnesses are scattered as in some cases. Here at least eleven of the potential witnesses reside right in Minot, North Dakota and none elsewhere except the Minneapolis examining physician and plaintiff's obviously highly mobile

investigator. Nor is this a case where the accident occurred at such a location that the witnesses and doctors are required to travel at least to some extent wherever the venue of the case may be, for here the United States District Court sits in the very city where the accident happened, where eleven of the potential witnesses live, where plaintiff himself lives and where all or at least the bulk of plaintiff's medical treatment has been administered. Section 1404(a) does not consider convenience of counsel as a factor and the only tie to Minnesota that this case has is that an examining physician resides and has his office in Minneapolis. If he is to be a witness he will have the inconvenience of an hour and a half to an hour and three-fourths airplane ride according to the information contained in plaintiff's memorandum to and from Minot in addition to the time he will spend testifying, which presumably will be the same whether the case remains in this jurisdiction or is transferred to Minot, North Dakota.

The court sees nothing inconsistent between this ruling and the cases cited by plaintiff's counsel, including three unpublished decisions of this court in the Fifth Division at Duluth, Minnesota in 1967. The court is aware that counsel for both plaintiffs and defendants in typical Federal Employers' Liability Act cases have been exceedingly cooperative with the court and that in fact the great majority of such cases ultimately are settled prior to trial. On the other hand, this court under the individual calendar system has an inventory of 239 civil and criminal cases as of February 1, 1970 and a case originating substantially 500 miles from the Twin Cities, in a city where a Federal Court sits and which if the case be not tried there will work certainly a substantial if not a gross inconvenience to defendant and its witnesses ought to be declined by this court. The court believes this is a case where the balance is strongly in favor of the defendant within the meaning of the language of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055

**1388**

(1947); Johnson v. Chicago, Rock Island & Pacific R.R., 228 F.Supp. 160 (D.Minn.1964); Savage v. Kaiser Motors Corp., 116 F.Supp. 433 (D.Minn. 1953). A separate order has been entered.