The A.B. ENGINEERING COMPANY

v.

RSH INTERNATIONAL, INC., et al.

Civ. No. Y–85–2484.

United States District Court,
D. Maryland.

Jan. 30, 1986.

John H. Gill, Rockville, Md., for plaintiff.

G. Kenneth Norrie, Jacksonville, Fla., and Rodney F. Page, Washington, D.C., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This dispute arose out of a joint venture which was created for the purpose of designing industrial roads, railroads, and freeways at Jubail Industrial City in Saudi Arabia. The joint venture agreement was dated April 26, 1980 and was signed by plaintiff, The A.B. Engineering Company ("ABENGCO"), one of the defendants, RSH International, Inc. ("RSHI"), and persons in Saudi Arabia who are not parties to this action. Plaintiffs contend that the other defendant, Reynolds, Smith and Hills, ("RS & H"), the parent corporation of RSHI, was a *de facto* party to the joint venture agreement, or in the alternative, a third-party beneficiary, and thus is properly a party to this action.

An initial issue to resolve is whether plaintiff should be permitted to amend its complaint which states the alleged facts with greater specificity and adds several claims against the defendants. Leave to amend pleadings is to be freely given when justice so requires, Rule 15, Fed.R.Civ.P., and will be granted in this case. Although defendants filed motions prior to this amendment, the basic allegations have remained the same and defendants are not unduly prejudiced by the amendment.

In the amended complaint, plaintiff alleges that RSHI and RS & H were, together, lead partners in the Saudi Arabian joint venture, and were responsible for disbursing payments to plaintiff. Allegedly a substantial amount of these payments never were disbursed to plaintiffs, although the money was received by defendants directly from the Saudi Arabian partners. Thus, ABENGCO prays for an accounting, claims breach of contract and breach of fiduciary duty as against both defendants, and further claims that defendant RS & H intentionally interfered with contractual relations and breached its duty as a third-party beneficiary.

Pending motions include motions to dismiss for lack of personal jurisdiction or to transfer venue, motions to compel arbitration and for a stay pending arbitration, and a motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative for summary judgment.

## PERSONAL JURISDICTION

The jurisdictional issue must be addressed first. Both defendants have moved to dismiss for lack of personal jurisdiction or to transfer venue. Plaintiff asserts jurisdiction pursuant to Section 6–103 Md.Cts. & Jud.Proc.Code Ann. (1974), which provides in part:

"(a) Condition.—If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

(b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State."

Defendants contend that their actions do not fall within the scope of Maryland's long arm statute.

Normally, there are two steps for determining whether this Court has person-

al jurisdiction over a nonresident defendant. The plaintiff must show that jurisdiction over the defendant 1) falls within the ambit of the statute, and 2) satisfies the demands of due process. *Morley v. Cohen,* 610 F.Supp. 798, 823 (D.Md.1985); *Zinsler v. Marriott Corporation,* 605 F.Supp. 1499, 1502 (D.Md.1985). But since the purpose of Maryland's long arm statute was to extend the scope of jurisdiction over nonresident defendants to the limits permitted by due process under the Federal Constitution, *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978); *Geelhoed v. Jensen,* 277 Md. 220, 352 A.2d 818 (1976), courts have held that separate analyses under both subsection (b)(1) of the long arm statute and federal due process are unnecessary. *Geelhoed v. Jensen,* 277 Md. at 226, 352 A.2d 818; *Piracci v. New York City Employees Retirement System,* 321 F.Supp. 1067, 1070 (D.Md.1971).

The basic test for determining the constitutional reach of a court's personal jurisdiction is whether the defendant has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Company v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Subsequent Supreme Court decisions have refined the minimum contacts test by focusing on defendants' conduct to determine whether a particular defendant deliberately has engaged in "significant activities" within the forum state, has created a "substantial connection" with that state, or has created a "continuing obligation" with residents of the forum. *Burger King Corporation v. Rudzewicz,* —— U.S. ——, ——, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985); *Travelers Health Association v. Virginia,* 339 U.S. 643, 648, 70 S.Ct. 927, 930, 94 L.Ed. 1154 (1950). With respect to interstate contractual obligations, there is an additional policy consideration which favors the exercise of jurisdiction where parties "reach beyond one state and create

continuing relationships and obligations with citizens of another state," because in these cases nonresident defendants should be subject to regulation and sanctions in the other state for the consequences of their activities. *Travelers Health Assn. v. Virginia,* 339 U.S. at 647, 70 S.Ct. at 929. *See also Burger King v. Rudzewicz,* —— U.S. at ——, 105 S.Ct. at 2183–84; *McGee v. International Life Insurance Co.,* 355 U.S. 220, 222–23, 78 S.Ct. 199, 200–01, 2 L.Ed.2d 223 (1957).

■ Under this constitutional standard, this Court concludes that it does have jurisdiction over both nonresident defendants. Although significant facts are in dispute and can only be resolved at trial, the plaintiff need make only a *prima facie* showing of jurisdiction to be permitted to go forward with this case. *Zinsler v. Marriott Corp.,* 605 F.Supp. at 1503. Plaintiff alleges that it had a contract either express or implied with both defendants and that there was significant communication between the nonresident defendants and plaintiff's Maryland office, including visits by defendants' representatives* on at least forty separate occasions for periods of two to four days spanning a period of less than two years. Many of those visits allegedly were from employees of RS & H, despite the absence of a written agreement with them. This conduct constitutes a continuous relationship and significant contact, and satisfies the requisites of due process for subjecting defendants to Maryland's jurisdiction. *Cf. Tate v. Blue Cross of Washington,* 59 Md.App. 206, 474 A.2d 1353 (1984).

■ Defendants argue that under an alternative test for personal jurisdiction, essentially a composite of the above principles, plaintiffs have not met their burden. That test focuses on three specific factors:

> "First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a conse-

---

* Plaintiff has satisfied the Court that RS & H employees were performing work on the project and did appear in Maryland. Whether those employees were representatives of RS & H or RSHI at that time remains unclear, however, and this question must be resolved at trial.

quence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Marriott Corporation v. Village Realty & Investment Corporation,* 58 Md.App. 145, 155, 472 A.2d 510 (1984) (quoting *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968). *See also McLaughlin v. Copeland,* 435 F.Supp. 513 (D.Md.1977). Utilizing this test, defendants insist that the cause of action did not arise from their visits to Maryland, which were for project oversight; instead the actual cause of action arises from defendant's failure to disburse funds, which occurred in Florida. Defendants' construction of the action is too narrow, however, because the crux of the controversy is the agreement among the parties and whether obligations were fulfilled. Thus, the action arises out of conduct in Maryland, Florida, and Saudi Arabia. This case does not involve a tort and there is no need to pinpoint a precise place of injury. Multiple visits to Maryland in furtherance of a continuing obligation with a Maryland resident sufficiently satisfies all three sections of the three-part jurisdictional test.

## VENUE

■ Defendants request a transfer of venue to a Florida federal district court even if Maryland does have jurisdiction over this case. While the plaintiff's choice of forum may no longer be given the paramount consideration it enjoyed under the common law doctrine of forum non-conveniens, it remains an important consideration, *Y Design, Ltd. v. Regensteiner Publishing Enterprises,* 428 F.Supp. 1067, 1070 (S.D.N.Y.1977), and the moving party must show that it would be inconvenienced to a much greater extent by plaintiff's chosen forum than plaintiffs would be by the proposed forum. *See, e.g., Development Co. of America v. Insurance Co. of North America,* 249 F.Supp. 117 (D.Md.1966). Plaintiff and defendants have argued that the greater number of files and witnesses

are located in their respective preferred forums, and that the opposing parties' ability to travel is evidenced by their willingness to travel to various distant locations in the past. But, plaintiffs further contend that they are a smaller corporation which is essentially inactive now and suffers from defendants' withholding of funds, and that it would be unable to bear the cost of litigation in an inconvenient forum. Based on the pleadings, the balance weighs in favor of the plaintiffs, and defendants' motions to transfer venue will be denied.

## ARBITRATION

■ Both ABENGCO and defendant RSHI have agreed to arbitrate their claims in accordance with their written agreements and have requested that the underlying action be stayed pending arbitration. Defendant RS & H, however, has refused to arbitrate and requests a stay of the action pending arbitration between the other two parties. RSHI joins RS & H in the argument that only the parties to the written contract should participate in arbitration. In light of the agreement among parties to stay this action pending arbitration, the action will be stayed. The question remains, however, as to whether defendant RS & H will be compelled to arbitrate or whether plaintiff will have to pursue litigation against RS & H in this Court at the close of arbitration.

RS & H argues that it never signed the agreement to arbitrate, and absent a written agreement participation cannot be compelled. While this is generally true, *International Union of Operating Engineers,* 529 F.2d 574, 577 (7th Cir.1976), "the mere fact that a party did not sign an arbitration agreement does not mean that it cannot be held bound by it. Ordinary contract principles determine who is bound." *Interocean Shipping Company v. National Shipping and Trading Corporation,* 523 F.2d 527, 539 (2d Cir.1975), *cert. denied,* 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976). Plaintiffs argue that RS & H is bound under ordinary contract principles because either 1) RS & H and RSHI are in reality one entity and RSHI's corporate veil should be pierced, or 2) RS & H is a *de facto* party

to the contract as evidenced by its conduct in fulfilling portions of the obligations imposed under the contract.

Both arguments must fail. First, plaintiffs have not made a sufficient showing that RSHI's corporate identity should be disregarded. Plaintiffs have alleged that RSHI is a mere instrumentality of RS & H and offered some factual basis for the allegation. But under Maryland law a greater showing must be made; "a court may disregard a corporate entity only when necessary to prevent fraud or to enforce a paramount equity." *Cawley v. Bloch,* 544 F.Supp. 133, 137 (D.Md.1982) (citing *Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.,* 275 Md. 295, 312, 340 A.2d 225 (1975)). Florida law also requires more than a showing that the subsidiary was the mere instrumentality or alter ago of the parent. *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1121 (Fla.1984) (corporate veil will not be pierced absent a showing of improper conduct). Plaintiff's pleadings and evidentiary materials have not satisfied these additional requirements and thus the corporate veil will not be pierced for purposes of forcing RS & H to arbitrate with its alleged instrumentality RSH & I.

Second, plaintiff has not made sufficient showing that RS & H is a *de facto* party to the contract. Allegedly, RS & H made representations to ABENGCO about the reliability of RSHI, and RS & H implied that the two Florida corporations were one and the same but RSHI was merely the overseas operating identity. Furthermore, ABENGCO alleges that RS & H substantially performed all parts of the joint venture and controlled all revenue of RSH & I from the venture, and therefore was a party to the contract. RS & H does admit to participation, but as a subcontractor and on a lesser scale then ABENGCO alleges.

Plaintiff also argues that policy considerations favor requiring RS & H to arbitrate because arbitration agreements are to be liberally construed. But, these issues have no relevance here; no matter how broadly an agreement is construed, it cannot impose obligations on a person who is not a party to that agreement. Although in the course of dealing, a legal relationship may have been created between ABENGCO and RS & H and perhaps this relationship is based upon an implied contract, ABENGCO's argument that RS & H is an actual party to the signed Saudi Arabian contract is unsupported. There is no evidence that disputes arising from the alleged agreement between RS & H and ABENGCO are subject to the same arbitration requirements as those found in the written agreement which RS & H did not sign.

All of the companies involved in this dispute are sophisticated engineering operations which deal on a national or international basis. ABENGCO admits that it knew of a connection between the Florida corporations, and in fact relied upon that connection when agreeing to participate in the overseas project. Furthermore, ABENGCO knew that RSHI—rather than RS & H—was the contract signatory, yet ABENGCO acquiesced to this arrangement. In light of the circumstances, there is no legal basis and no compelling argument for forcing RS & H, a non-signor of the arbitration agreement, to arbitrate.

Accordingly, ABENGCO's motion to compel RS & H to arbitrate will be denied and this action will be stayed pending arbitration. Because of the stay of this action, no ruling will be made at this time on RS & H's motion to dismiss for failure to state a claim. Furthermore, because the complaint has been amended, RS & H will have the opportunity to amend that motion and pursue it at a later date, if it elects to do so. Finally, per agreement of the parties, plaintiff's motion to amend the captions of the pleadings, to reflect RS & H's proper abreviation, will be granted.

### ORDER

In accordance with the attached Memorandum, it is this 30th day of January, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant RSHI's motion to dismiss, or in the alternative, to transfer venue, and to compel arbitration, and for stay BE, and the same IS, hereby GRANTED in part and DENIED in part;

2. That defendant RS & H's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue; to dismiss for failure to state a claim upon which relief can be granted; and for stay BE, and the same IS, hereby GRANTED in part and DENIED in part and RESERVED in part;

3. That plaintiff's motion for stay of action pending arbitration BE, and the same IS, hereby GRANTED;

4. That plaintiff's motion to compel arbitration with respect to RS & H BE, and the same IS, hereby DENIED;

5. That plaintiff's motion to amend caption of the pleadings to reflect the proper party defendant Reynolds, Smith and Hills, Architects-Engineers-Planners, Inc. to be referred in summary fashion as RS & H and not RSH, Inc. BE, and the same IS, hereby GRANTED, and the Clerk will amend the caption;

6. That this action BE, and the same IS, hereby STAYED pending conclusion of arbitration; and

7. That a copy of this Memorandum and Order be mailed to counsel for all parties.